JONES and Others *v.* THE STATE, on the Relation of THE LA FAYETTE INSURANCE COMPANY.

If in a suit against a constable and his sureties on their bond, the breach relied on be the constable's failure to execute a *ca. sa.* issued against several persons, the declaration must aver that whilst the constable held the execution, the debtors or some of them were within his bailiwick, and might have been arrested by him.

The Court ought not, on overruling a demurrer to the declaration in such suit, to render a final judgment against the defendants for the amount of the execution, without a jury of inquiry.

Monday, May 24.

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—This was an action of debt against a constable and his sureties on his official bond, conditioned for the faithful discharge of the duties of his office. The declaration, in assigning the breach of the condition of the bond, states the recovery of a certain judgment in favour of the relators against several persons; the issuing a *fi. fa.* thereon, and its return of *nulla bona;* that a *ca. sa.* was also issued, which was placed in the hands of the constable to be executed. It is then alleged, that the constable "did not make legal ser-

vice of said writ, but on the contrary he made no service thereof, neither did he take the bodies of the execution-defendants, nor commit them to the common jail of said county, as he was commanded to do and ought to have done." The defendants demurred generally to the declaration. The demurrer was overruled; whereupon the Court rendered final judgment for the plaintiff for the amount of the *ca. sa.* set out in the declaration.

This judgment must be reversed. The assignment of the breach of the condition of the bond is insufficient. Had the action been against the constable in *case*, its *gravamen* would have been the not taking the debtors when he had an opportunity to do so, in which the neglect or violation of duty would have consisted; and had the general issue been pleaded, the plaintiff would have been put upon the proof of the existence of such opportunity, and that the defendant had neglected to avail himself of it. Accordingly, we find the forms of declarations in such cases contain an averment, that the debtor was within the bailiwick of the officer, while the execution was in his hands, and might have been arrested by him. 2 Chitt. Pl. 740.—*Hereford* v. *Macknamara*, 5 D. & R. 95. The neglect of the officer, constituting a breach of the condition of his official bond, should be as explicitly stated, certainly, in an action on the bond implicating the interests of his sureties, as it is required to be in an action against himself alone for a violation of his duty. The declaration is defective for not averring that the execution-debtors, or some of them, were within the bailiwick of the constable while he held the execution, and might have been arrested by him.

The Circuit Court also erred in rendering a final judgment against the defendants without a jury of inquiry. The amount of the execution, which the constable failed to serve, was not, as a matter of course, the measure of the damages. A jury should have been called to assess them.

*Per Curiam.*—The judgment is reversed at the costs of the relators. Cause remanded, &c.

*W. M. Jenners*, for the plaintiffs.

*J. Pettit*, for the defendant.