Dewey, J.
This was an action of debt against a constable and his sureties on his official bond, conditioned, in the usual form, for the payment over of all moneys collected, and for the discharge of his duties generally. The declaration, after setting out the bond and condition, and reciting two judgments recovered by the relator, Johnson, before a justice of the peace, and executions offi.fa. issued thereon, and the delivery of the .latter to the constable to be collected, assigns for breach of the condition of the bond, in reference to each execution, that the *179 Constable, “not regarding bis duties as such constable, but contriving, &c., did not cause the money to be made according to the exigency of said writ, but therein wholly failed and made default; but returned the same to the office of the justice aforesaid, with a promise in *writing indorsed thereon, under the hand of one J. P. Traylor, that the said Traylor would pay the said judgment, &e., within eight months, if the execution-debtor did not.” The declaration contains no averment, that the execution-debtor had goods and chattels in the bailiwick of the constable, which he might have levied upon, and out of which he might have made the money, or a part of it, due on the executions. The defendant demurred generally, and the demurrer was sustained; upon which a final judgment was rendered in his favour.
E. S. Terry, for the appellant.
J. Pitcher, for the appellees.
In our opinion the judgment is right. The declaration shows no violation of duty on the part of the constable. The mere failure to make the money on the execution is not sufficient to charge him. The declaration should have averred, that the execution-debtor had property on which the constable might have levied, 1 Chitt. Pl., 138; Stark. Ev., part 4, 1344; 2 Chitt. Pl., 750; Jones v. Clayton, 4 M. & S., 349.
Per Curiam.—The judgment is affirmed at the costs of the relator.