*A. A. Hammond* and *S. Major*, for the state.
*H.* and *H. Brown*, for the defendant.

---

MAJOR, Administrator, *v.* THE STATE, on the Relation of GAPPIN.

The declaration in debt on a constable's bond, in assigning a breach, alleged that the constable " did not make legal service and return " of an execution placed in his hands, &c. *Held*, that the allegation was insufficient.

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—Debt by the state on the relation of *Gappin* against the administrator of a constable, founded on the constable's official bond. The declaration alleges that the relator on, &c., recovered a judgment, before a justice of the peace, against certain persons for a certain sum and costs; that on, &c., an execution was duly issued and delivered by

*May Term, 1846.*

the justice of the peace to the constable, commanding him that of the goods and chattels of the execution-debtors "he should make the debt, damages, and costs aforesaid, and make legal service and return of said writ." It is then averred that the constable "did not make legal service and return of said writ of execution, but wholly failed and neglected so to do." The defendant demurred generally to the declaration; the demurrer was overruled; the Court by consent of parties assessed the damages; judgment for the plaintiff.

We think the demurrer should have been sustained. To pass over the irregularity in the execution set out in the declaration for want of a return day, and the objection to the allegation that the constable did not make *legal* service and return, as stating a conclusion of law, the breach assigned is still very defective. It is entirely too vague. If it was meant to charge the constable with failing to serve the writ, the declaration should have shown that the execution-debtors had property within the reach of the constable, which he neglected to take. *The State* v. *Soverns*, 6 Blackf. 168. See, also, *Jones* v. *The State*, 5 Blackf. 492. If the constable failed to return the writ, he was liable under the statute, but there is no allegation that he did not return the writ. The averment that he did not make service *and* return of the writ would be true, if he failed to levy, though he might have made a return legal in form.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Mace* and *A. M. Crane*, for the plaintiff.

*H. W. Chase*, for the defendant.