*A. A. Hammond* and *J. P. Usher*, for the state.

Nov. Term, 1843.

The State v. Hall.

---

THE STATE *v.* HALL.

| 7b 25 |
| 147 161 |

If an indictment for perjury show that the testimony alleged to be false was material to the issue, an express allegation that it was material is unnecessary.

The indictment in such case alleged the perjury to have been committed on a trial before a justice and a jury of six men. The trial seemed to have been with consent of parties. *Held*, that the consent was a waiver of whatever irregularity there might have been as to the jury.

ERROR to the *Montgomery* Circuit Court.

SULLIVAN, J.—This was an indictment for perjury. The allegations in the indictment are, that the defendant, *Hall*, commenced an action of debt against one *Cline* before *William Gray*, a justice of the peace, for the sum of 27 dollars and 50 cents; that *Cline* filed as a set-off a demand he held against *Hall* for 99 bushels of corn of the value of 24 dollars and 81 cents; that to try the issue between the parties, a jury of six men was impanelled, and that upon such trial *Cline* called upon *Hall* to give testimony as a witness in the cause; that *Hall* was thereupon duly sworn by the justice to give evidence, &c., he the said *Gray* then and there having competent authority to administer said oath; that upon the trial of the cause, certain questions became and were material to the issue, viz., How much corn the said *Hall* had received from said *Cline*, &c.; that *Hall* being so sworn, &c., intending, &c., did falsely, wilfully, &c., depose and swear to and before said jurors, and to and before the said *Gray*, justice as

Thursday, January 4, 1844.

Nov. Term, 1843.

THE STATE
v.
HALL.

aforesaid, as follows, viz., &c. The perjury is then assigned, and the indictment concludes in the usual form. The Court quashed the indictment, and the state prosecutes this writ of error.

The defendant insists that the Circuit Court did right in quashing the indictment, because, 1. It does not allege, in positive terms, that the evidence given was material to the issue. We think the objection is not well founded. The indictment avers the materiality of certain questions, and sets out the testimony of the defendant in relation to those facts, and then avers that it was false. This is according to the precedents, and is sufficient. Moreover, it is not necessary in all cases that an indictment for perjury should contain an express averment that the false allegations are material to the issue. Their materiality, in the absence of an express averment, may appear from the necessary bearing they have on the matter in issue. If the testimony is shown to be important to the question at issue between the parties, the express allegation may be omitted. 2 Chitt. C. L. 309.

The second reason given in support of the judgment of the Circuit Court is, that the cause in which the alleged perjury was committed was tried by a jury of six men; that a jury composed of six men in such a case was wholly unauthorized by the law; and that the proceedings were therefore illegal and void. By the common law, false swearing to amount to perjury must be in a judicial proceeding, and in a Court or before an officer having competent authority to administer an oath. Our statute is more comprehensive, and a false oath or statement of any nature, or for any purpose whatever, wilfully and corruptly taken before an officer authorized to administer oaths, is, by it, declared to be perjury. Where the false swearing was in the course of a judicial proceeding, we do not think it essential to the commission of the offence of perjury, that all the proceedings on the trial should be strictly regular. It is essential, however, that the Court have jurisdiction of the subject-matter, and power to administer an oath to the witness. If the proceedings were not so far irregular as to be a mistrial, the false swearing would amount to perjury. The jury of six men that was impanelled to try the cause, in which the perjury in this case is said to have

been committed, seems to have been with the consent of the parties to the suit, and whatever irregularity there might have been in trying the cause with such a jury was waived by their consent.

We see no valid objection to the indictment, and think the Court erred in quashing it.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*S. C. Willson*, for the state.

*D. Mace*, for the defendant.