THE STATE
v.
JOHNSON.

*J. H. Bradley*, for the plaintiff.
*J. W. Chapman*, for the defendant.

---

THE STATE *v.* JOHNSON.

| 7b | 49 |
| 147 | 161 |

It is perjury to swear falsely to a material point in an affidavit for the continuance of a cause.

If an indictment for perjury show that the false matter sworn to was material to the question before the Court, an express allegation of its materiality is unnecessary.

Nov. Term,
1843.
ERROR to the *Warren* Circuit Court.

SULLIVAN, J.—The defendant was indicted for perjury.

THE STATE
v.
JOHNSON.

Saturday,
January 20,
1844.
The indictment charges that, on, &c., a certain suit was pending in the *Warren* Circuit Court between *John Kent*, plaintiff, and the defendant, *Henry Johnson*, and one *Thomas Johnson*, founded on a promissory note ; that for the purpose of obtaining a continuance of the cause from the *March* term, 1841, until the term next following, the defendant did then and there falsely, wilfully, and corruptly swear and make affidavit, &c., that one *Joseph Kent* was a material witness for the defendants in said cause ; that the affiant had used due diligence to procure the testimony of said *Kent*, &c. ; that he expected to be able to prove by *Kent* the payment of 60 dollars on the note sued on, and that said affidavit was not made for delay, &c. The indictment then assigns the perjury, which consists in an express contradiction of the defendant's statements above set forth. The Court, on motion of the defendant, quashed the indictment.

The affidavit contained several distinct allegations, all of which were necessary to make it sufficient. If either of them was false, the affiant was guilty of perjury. The statute declares that any person, who shall take a lawful oath in any matter in which by law an oath may be required, and shall under such oath swear wilfully, corruptly, and falsely, touching a matter material to the point in question, shall be deemed guilty of perjury. R. S. 1838, p. 211, sect. 22, 23. It is perjury to swear falsely in an affidavit to hold to bail, Peake's N. P. 112, or in an answer to a bill in chancery, 5 Mod. 358, or in taking the oath as a voter at an election, 6 East, 323, 2 Camp. 134, as well as to swear falsely to a point material to the issue as a witness upon the trial of a cause. So, it is perjury to swear falsely to a material point in an affidavit for the continuance of a cause.

It is not necessary, as is contended, that the indictment should contain an express allegation that the matter sworn to was material to the question before the Court. Where its materiality evidently appears from the statement of the matter itself, the express allegation may be omitted. *State* v. *Hall*, at the present term.

The indictment in this case is sufficient, and the Court erred in quashing it.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*S. C. Willson*, for the state.

*R. C. Gregory*, for the defendant.