THE STATE *v.* GILBERT.

CRIMINAL LAW AND PRACTICE.—For a sufficient form of information, for obstructing the execution of criminal process, see the opinion.

APPEAL from the *Jefferson* Common Pleas.

PERKINS, J.—Information against *Gilbert* for obstructing the execution of criminal process. The information alleges that the officer arrested, upon a warrant, one *Franklin,* who was duly charged with larceny; but it alleges, that while making the arrest, *Gilbert,* then and there knowing that the officer had a warrant for *Franklin,* and was endeavoring to arrest him, did assault, beat, abuse, and resist the officer while executing the process.

We think, though the information is informal, it reasonably means that *Gilbert* resisted the officer, while making the arrest, by assaulting, abusing him, &c.; and that this shows an obstruction of process. Our statute expressly provides, that the words of the statute need not be used in criminal pleadings, but that equivalent words will be sufficient. We think the averments in the information show an obstruction, within the meaning of the statute. That the obstruction was not sufficient to prevent the arrest, does not render the obstruction innocent.

*Per Curiam.*—The judgment below is reversed, with costs.

*Oscar B. Hord,* Attorney General, and *Solon Russell,* for the State.