## THE STATE *v.* FLAGG.

25  243
147  161

PERJURY.—INDICTMENT.—In an indictment for perjury under section 40 of the act defining felonies, (2 G. & H. 450,) it must appear either by express averment, or from other facts averred, that the alleged false swearing was "touching a matter material to the point in question."

SAME.—Section 41 of the same statute contemplates a case where the oath or affirmation was not required by law, but was voluntarily made by the party, and in that case it is not necessary, in order to support an indictment for perjury, that the false statement should be touching a material matter.

APPEAL from the *Union* Circuit Court.

RAY, J.—Indictment for perjury. Motion to quash sustained. The charge is, that the defendant did, in a certain action pending in court against him, "on a motion to continue said above mentioned cause of action, upon his corporal oath, said oath having been then and there administered by," &c., "make the following affidavit, to-wit:" &c. The affidavit was to the truth of certain statements, and accompanied interrogatories filed to the plaintiffs. Our statute provides, 2 G. & H., § 40, p. 450, that the false swearing must be "touching a matter material to the point

in question." - The indictment does not allege that a motion was made for a continuance, and it can only be inferred from the language. An indictment should contain allegations, not inferences. There is no averment that the purpose of the affidavit was to procure a continuance, nor is there any allegation that the statements contained in the affidavit were material for any purpose. It does not appear that the plaintiffs in the action were not then present in court, so that a continuance could be caused by the filing of the interrogatories, nor does any rule seem to have been taken upon the plaintiffs to answer. In the absence therefore of any allegation as to the intent of the defendant, we cannot infer that an affidavit which would not sustain a motion to continue was filed for that purpose. The materiality of the allegations must be shown either upon the face of the indictment, or expressly averred. *The State* v. *Hall,* 7 Blackf. 25; *The State* v. *Johnson, id.,* 49.

But it is insisted that the 41st section of the act defining felonies, 2 G. & H., p. 451, does not require that the false statements shall be material to the point in issue. It might perhaps be sufficient to say that the same section of the statute was in force when the decisions already cited were made by this court, except that as the section now reads, the affidavit must be made "voluntarily." The addition of this word adds no strength to the position assumed by the State. It in truth but makes the distinction clearer which was, in effect, recognized in the earlier cases. The distinction between the two sections is this: the 40th section is confined to cases where the oath or affirmation has been made "in any matter in which by law an oath or affirmation may be required," and under that section the false statement must be "touching a matter material to the point in question."

The 41st section, on the other hand, includes all cases where an oath not being required to the "certificate, affidavit or statement," the person nevertheless voluntarily makes such oath or affirmation.

The State *v.* Flagg.

. Where the law itself requires an oath or affirmation to be appended to any instrument, to render the same effectual, it will not hold the party making the affidavit guilty of perjury, by reason of any mis-statement of facts, unless those facts are material to the point involved. But where no such oath or affirmation is required to the instrument or statement, if the party making the same voluntarily makes a false oath or affirmation thereto, he shall be held liable, although such statement may not be of a matter material to the question involved. The policy of the statute is to discourage all unnecessary and voluntary affidavits or sworn statements, and for this reason the law holds a person who makes a voluntary affidavit, that is an affidavit in any matter in which by law an oath or affirmation is not required, to a greater responsibility than he who swears even falsely, in a matter where by law an oath or affirmation is required.

That this has been the view held by this court, we think is clear from the case of *The State* v. *Johnson, supra.* The affidavit in that case, as in the one before us, was to procure a continuance, and although sections of the statute were in force then to the same effect as now, still the case was decided on the ground that "where the materiality evidently appears from the statement of the matter itself, the express allegation may be omitted." Whereas, if the position now assumed by the State is correct, the materiality of the false statement need neither appear by averment nor recital.

The judgment is affirmed.

*D. E. Williamson,* Attorney General, for the State.

*W. H. Coombs* and *J. Morris,* for appellee.