*J. H. Vawter*, for appellant.

*H. W. Harrington*, for appellee.

————————◆————————

## THE STATE v. FLAGG.

PERJURY.—AFFIDAVIT.—An indictment for perjury, founded upon an affidavit filed by the defendant in a cause with interrogatories addressed to the plaintiff, alleged that the affidavit was filed for the purpose of procuring a continuance of the cause, and that the matters stated in the affidavit "were material to the issues joined."

*Held*, that the averment of the materiality of the statements alleged to be false was insufficient.

*Held*, also, that the averment should have been, that the matters sworn to were material to the point then in question before the court. But *held*, that if the indictment showed that the statements alleged to be false were material to the point in question, an express averment of their materiality was not necessary.

*Held*, also, that false swearing in such an affidavit is perjury, and the fact that the interrogatories are answered by the party to whom they are addressed, and a continuance is thus avoided, does not release the party making the affidavit from the guilt of perjury.

APPEAL from the *Noble* Circuit Court.

RAY, C. J.—Indictment for perjury in an affidavit filed with interrogatories to the plaintiff, in an action in which

the appellee was a defendant in court. It is alleged that the affidavit was filed for the purpose of procuring a continuance of the cause, and that the facts sworn to "were material to the issues joined." This averment is not sufficient. The cause was not on trial, and the affidavit could not be used on the trial of the issues. The purpose was to secure a continuance, and that, in the language of our statute, was "the point in question." In the case of *Regina* v. *Philpotts*, 8 Eng. L. & Eq. R. 580, MAULE, J., states that "the evidence must be taken in a judicial proceeding, and must be material, but," he asks, "where do you find that it must be material to the issue?" Our statute, however, removes all doubt, and requires that it must be material to the point then in question before the court. The averment of materiality not being sufficient, the indictment cannot be sustained, unless the facts stated in the affidavit themselves show their materiality to the question of continuance. The issues in the case are stated, and the facts contained in the affidavit are material to those issues. The interrogatories filed with the affidavit would entitle the party to a continuance, if the plaintiff was not in court prepared to answer. The question then presented is, whether facts falsely sworn to in an affidavit filed for the purpose of procuring a continuance of a cause, but which are not sufficient to entitle the party to such continuance, unless other facts also exist, which is not averred, will sustain an indictment for perjury?

In the case of *The State* v. *Dayton*, 3 Zab. 49, it was held, "that perjury may be assigned on an oath or affidavit which is insufficient to effect the purpose for which it was taken, without additional proof. And it is not necessary to show or aver that such additional proof was made." Any other rule, it seems to us, would require not only that the facts stated should be material to the point in question, but that the affidavit should be absolutely sufficient to accomplish the purpose for which it was filed. And if the party making the application should succeed in securing his object,

upon an insufficient affidavit, he might, when indicted, call in question the ruling of the court upon his application, and make his guilt depend upon the legal acumen of the court.

Our law is, that interrogatories may be filed in a cause and an answer required from the other party to the litigation, and that upon affidavit being made that the party who files such interrogatories expects to elicit facts by the answer material to him on the trial, and that he believes such facts to be true, and that he cannot prove the same by any witness, and that he files the interrogatories not for delay merely, but to obtain substantial justice on the trial, if the opposite party be not present to answer at the time of the trial, or respond to the interrogatories, a continuance shall be granted. The indictment in this case alleges that the interrogatories and affidavit were filed for the purpose of procuring a continuance. It was therefore an affidavit required by law, and if false, and willfully and corruptly made, as the indictment charged, was clearly within the statutory definition of perjury. The affidavit attached to the interrogatories was material and authorized by law, for it was made for the purpose of procuring a continuance, and if, at the calling of the case for trial, or within the time limited by the court, the party to whom the interrogatories were addressed failed to answer them, the affidavit entitled the defendant to a continuance. The filing of the interrogatories, and the making of the affidavit, placed the defendant in a position to insist upon a continuance, in the event that the other party to the action was absent when the answer was required. If, through the failure of the plaintiff to respond to the interrogatories, a continuance was obtained, there can be no question that perjury could be assigned upon the affidavit. It will hardly be insisted that such failure, occurring subsequent to the filing of the affidavit, could determine whether or not perjury had been committed by the defendant, in making the sworn statement for the purpose of procuring a continuance.

The judgment is reversed, with directions to overrule the motion to quash the indictment, and to proceed with the case.

Gregory, J., dissented.

A. Ellison, for the State.

W. H. Coombs, for appellee.