## The State *v.* McCormick.

CRIMINAL LAW.—*Perjury.*— *Witness Before Grand Jury.*—An indictment for perjury may be predicated upon a false swearing before a grand jury.

SAME.—Such an indictment is bad, if it contain no allegation of any matter as having become material in the investigation before the grand jury.

From the Morgan Circuit Court.

*C. A. Buskirk,* Attorney General, and *A. M. Cunning,* for the State.

DOWNEY, J.—This was an indictment against the appellee for perjury committed before a grand jury. On motion of the defendant, the court quashed the indictment. The prosecutor, on behalf of the State, appealed to this court, and has assigned as error this ruling of the circuit court. There is no brief for the appellee. There is no doubt but that an indictment for perjury may be predicated upon a false swearing before a grand jury. 2 G. & H. 450, sec. 40; *State* v. *Offutt,* 4 Blackf. 355.

The indictment alleges that the defendant was a witness before the grand jury, and that he was sworn by the foreman "to true answers give to all questions put to him touching violations of the criminal law of the State of Indiana;" that the foreman of the grand jury then and there asked him whether he knew of any violations of the criminal law of the State, which had taken place within the past two years, in Morgan county, and whether he knew of any unlawful sales of intoxicating liquor within said county as aforesaid, "said questions being material and proper." The indictment then proceeds to allege that the defendant testified that he had bought intoxicating liquors of one William Dyke, in, etc., to be drunk on the premises, etc., and contains the proper averments to show that such testimony was false.

We are of the opinion that the indictment is bad, for the reason that there is no allegation of any matter which became material in the investigation before the grand jury. The statute already cited requires, in order to constitute perjury, that the false swearing shall be "touching a matter material to the point in question." It is not alleged that any point was in question. The averment is, that certain questions were asked the defendant, and it is alleged that the questions were material and proper. There may be other defects in the indictment.

The judgment is affirmed.