The State v. Anderson.

Filed Oct. 8, 1885.

———————————

No. 12,365.

THE STATE v. ANDERSON.

CRIMINAL LAW.—*Perjury. — Indictment. — Language of Statute.—Words of Equivalent Meaning.*—An indictment for perjury is not bad for omitting the word "falsely," as used in the statute in connection with the swearing, if other words conveying the same meaning are used.

SAME.—*Affidavit for Continuance.—Facts Sworn to Must be Material.*—An indictment for perjury, under section 2006, R. S. 1881, predicated upon an affidavit for a continuance of a pending cause, must show by a specific averment or by the statement of the facts, that the swearing was touching matters material to the point in question.

SAME.—*Description of Cause in Which Affidavit is Filed.—Motion to Quash.*— Where the indictment does not allege the materiality of the facts stated in the affidavit, and does not describe the cause in which such affidavit

The State v. Anderson.

was made with sufficient certainty to show such materiality, it is bad on motion to quash.

From the Knox Circuit Court.

*F. T. Hord*, Attorney General, *W. A. Cullop*, Prosecuting Attorney, *G. W. Shaw* and *C. B. Kessinger*, for the State.

ZOLLARS, J.—The following indictment was returned against appellee, to wit :

" THE STATE OF INDIANA, COUNTY OF KNOX.

"*The State of Indiana* v. *George W. Anderson*. Indictment for perjury.

" The grand jurors of the county of Knox, upon their oath, do present, that one George W. Anderson, on the 20th day of January, 1885, at the county of Knox, and State of Indiana, did then and there, for the purpose of obtaining a continuance to another day of the trial of a certain civil action then and there pending before Edward McCrissoken, a justice of the peace of Vincennes township, Knox county, Indiana, wherein the State of Indiana, on the relation of Ella Walker, was plaintiff, and said George W. Anderson was defendant, did then and there feloniously, wilfully and corruptly, and voluntarily, make a certain false affidavit, and did then and there subscribe his name to said affidavit for the purpose of obtaining said continuance, and then and there feloniously, wilfully, corruptly and voluntarily took upon himself his corporal oath, and was then and there duly sworn that the contents of said affidavit were true in substance and in fact, which said oath was then and there administered to him by said Edward McCrissoken, justice of the peace as aforesaid, and who then and there had competent authority to administer oath in that behalf. That in said affidavit, made as aforesaid, for the purpose aforesaid, he, the said George W. Anderson, did then and there say, in behalf of himself, who was then and there defendant in said cause then pending in said court, under oath : ' Defendant says he is informed, and believes if he is granted the time under the law so to do, that

he can prove by two men, at least, residing in Laporte, in Laporte county, in the State of Indiana, and they will testify that during her, Ella Walker's, stay there, in June and July,. 1884, and since that time, they, each of said men, had sexual intercourse with her, and that during said time in Laporte she became pregnant, if at all, with a bastard child, and this defendant is not the father of said bastard child.   Defendant says he can not give the names of said men at this day, nor time, because he has not been able to go to Laporte to ascertain their said names, for this reason, that on the 8th day of January, 1885, he was arrested in this case while just going out on his boat on a trip, and he did not return until the 17th day of January, 1885.'  Which said affidavit was then and there, to wit, on the 20th day of January, 18$5, subscribed by the said George W. Anderson, and sworn to by him before Edward McCrissoken, justice of the peace as aforesaid."

Here follows specific negations of every fact so sworn to in the affidavit.   Following these negations the indictment is as follows: "And the said George W. Anderson then and there well knew that all of the portion of said affidavit above set out was wholly false.   Wherefore the grand jury aforesaid, upon their oath aforesaid, do say that the said George W. Anderson, in manner and form as aforesaid, on the 20th day of January, 1885, in the county and State aforesaid, for the purpose of obtaining a continuance as aforesaid, did then and there, wilfully, feloniously, knowingly and voluntarily commit wilful and corrupt perjury."

On motion of appellee the indictment was quashed.   The State has appealed.

There is no brief for appellee.   We are informed by the prosecuting attorney in his brief, that the indictment was quashed upon the grounds: *First.* That it does not charge the offence in the language of the statute defining the offence of perjury; and, *Second.* That the action pending before the justice of the peace, in which the affidavit was filed, is not sufficiently described.

The statute provides that an indictment is sufficient if it can be understood therefrom: "*Third.* That an offence was committed within the jurisdiction of the court, or is triable therein. *Fifth.* That the offence is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case." R. S. 1881, section 1755. It is further provided that no indictment shall be deemed invalid, nor shall the same be set aside or quashed, for any of the following causes: "*Sixth.* For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged. *Tenth.* For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant." R. S. 1881, section 1756. It will be seen that these statutes provide for liberal rules to be applied in passing upon the sufficiency of indictments.

There are two sections of the statute providing penalties for perjury, in each of which the words "wilfully, corruptly and falsely" are used in connection with the swearing. It is charged in the indictment before us, that appellee made a false affidavit to procure a continuance in a cause in which he was defendant. The charge is in the words of the statute except that the word *falsely* is omitted, and in its stead the word "feloniously" is used. It is charged that the affidavit was false, and that appellee well knew that the affidavit and all stated therein were wholly false, and that he wilfully, knowingly and voluntarily committed wilful and corrupt perjury. These several charges, in connection with the word *feloniously,* we think, ought to be regarded as the equivalent of the word "falsely." Under our statute and the decisions of this court, the indictment need not be in the exact words of the statute, but other words conveying the same meaning may be used. R. S. 1881, section 1737; *Malone* v. *State,* 14 Ind. 219; *State* v. *Gilbert,* 21 Ind. 474; *State* v. *Walls,* 54 Ind. 561; *Shinn* v. *State,* 68 Ind. 423. In the last case, it was

held that the word "feloniously" is the equivalent of the word "unlawfully," used in the statute.

The case of *State* v. *Dark*, 8 Blackf. 526, was based upon a statute which enacted that every person who should "*falsely* make, deface, destroy, etc., any record, etc., shall be deemed guilty of forgery."

It was not charged in the indictment, that the offence was *falsely* committed, and for this reason there was a motion to quash it. For the word *falsely* in the statute, the words *unlawfully* and *feloniously* were used in the indictment. It was held that these words are more than equivalent to the word *falsely*, and that hence the indictment should not have been quashed. This case seems to be directly in point here, and sustains the indictment.

Mr. Bishop, in his work on Criminal Procedure, at section 922, vol. 2, says: "'Falsely' can not be essential, because the assignment of the perjury avers the swearing to be false."

We think that, taking the several charges in the indictment together, and keeping in view the liberal rules fixed by the statutes, they show and charge that the affidavit was falsely made, and that the omission of the word "falsely" is not a sufficient ground for quashing the indictment.

In claiming that the cause pending before the justice of the peace, and in which the perjury is charged to have been committed, is sufficiently described in the indictment, counsel for the State make the mistake of assuming that the prosecution is based upon section 2007, R. S. 1881, and not upon section 2006.

The perjury is charged to have been committed in the making of an affidavit for a continuance of a cause, in which appellee was defendant, pending before a justice of the peace. This was not a voluntary affidavit, in the sense of section 2007, but was a matter in which, by law, an oath was required, and hence the case falls within the provisions of section 2006, R. S. 1881. Under this section, the holdings have been that it must appear by a specific averment, or by the statement of

the facts in the indictment, that the swearing was touching matters material to the point in question. *Weathers* v. *State*, 2 Blackf. 278; *State* v. *Hall*, 7 Blackf. 25; *State* v. *Johnson*, 7 Blackf. 49. In the last case, it was held also that it is perjury to swear falsely to a material point in an affidavit for the continuance of a cause. *Hendricks* v. *State*, 26 Ind. 493; *Galloway* v. *State*, 29 Ind. 442; *State* v. *McCormick*, 52 Ind. 169. See, also, 2 Bishop Crim. Proc., section 921; *State* v. *Flagg*, 25 Ind. 243.

In the last case, the perjury was predicated upon an affidavit, the purpose of which was to procure a continuance. Citing the cases of *State* v. *Hall, supra,* and *State* v. *Johnson, supra,* it was said: "The materiality of the allegations must be shown either upon the face of the indictment, or expressly averred." The question was made in that case that it fell within the provisions of section 41, 2 G. & H., p. 451, which is the same as section 41, 2 R. S. 1876, p. 444, and section 2007, R. S. 1881, and that hence it was not necessary that the swearing should appear to have been touching matters material to the point in question. In answer to this contention it was said: "It might perhaps be sufficient to say that the same section" (41) "of the statute was in force when the decisions already cited" (7 Blackf. 25 and 49) "were made by this court. * * * The distinction between the two sections is this: the 40th section" (section 2006, R. S. 1881) "is confined to cases where the oath or affirmation has been made 'in any matter in which by law an oath or affirmation may be required,' and under that section the false statement must be 'touching a matter material to the point in question.' The 41st section" (section 2007, R. S. 1881), "on the other hand, includes all cases where an oath not being required to the 'certificate, affidavit or statement,' the person nevertheless voluntarily makes such oath or affirmation. Where the law itself requires an oath or affirmation to be appended to any instrument, to render the same effectual, it will not hold the party making the affidavit guilty of perjury, by reason of any misstatement of facts, unless those facts

are material to the point involved.   But where no such oath
or affirmation is required to the instrument or statement, if
the party making the same voluntarily makes a false oath or
affirmation thereto, he shall be held liable, although such
statement may not be of a matter material to the question in-
volved."   The holding was, that as an oath is required to an
application for a continuance to render it effectual, it is a
matter in which, by law, an oath is required, and falls within
section 40, 2 G. & H., p. 450; section 40, 2 R. S. 1876, p. 443;
section 2006, R. S. 1881, in which case the materiality must
be shown, either by a specific averment or by a statement of
the facts.

In the case of *State* v. *Flagg*, 27 Ind. 24, an affidavit was
filed with interrogatories for the purpose of procuring a con-
tinuance.   It was said: " The indictment in this case alleges
that the interrogatories and affidavit were filed for the pur-
pose of procuring a continuance.   It was therefore an affi-
davit required by law, and if false, and wilfully and cor-
ruptly made, as the indictment charged, was clearly within
the statutory definition of perjury."   It was held that the
materiality of the facts stated in the affidavit must be shown.

Under these decisions, the affidavit for a continuance, upon
which, in the case before us, perjury is predicated, is an affi-
davit required by law, and hence the materiality must appear
from the facts stated, or by an express allegation in the in-
dictment, if such an allegation is the proper mode of show-
ing it under our criminal practice.   See *Burk* v. *State*, 81
Ind. 128.

In the indictment before us, there is no allegation of the
materiality of the facts stated in the affidavit.   Unless, there-
fore, the facts stated in the affidavit themselves show their
materiality, the indictment is bad.   It can not be determined
that the facts so stated are material, without a knowledge of
the character of the case in which the affidavit was filed.   All
that is stated in the indictment as to the nature of that case
is, that it was a certain civil action, pending before the jus-

tice of the peace, wherein the State, on the relation of Ella Walker, was plaintiff, and appellee was defendant.   It is said in argument, that the case was a bastardy proceeding, but that does not appear from anything in the indictment.   Presumptions and inferences can not take the place of allegations in an indictment.   If these were to be indulged, it might as well be presumed or inferred that Ella Walker was the relatrix in an action upon an official bond, as that she was the relatrix in a bastardy proceeding.   If the case was any other than a bastardy proceeding, it is impossible to see how the affidavit or the facts therein stated were material for any purpose.   The nature of the case is not shown, and hence it is not shown that either the affidavit or the facts stated therein were material for any purpose.   The indictment is, therefore, bad.   The court below held it bad, and sustained the motion to quash.   That ruling, therefore, must be sustained, whether it was placed upon the grounds upon which this decision rests or not.

   Judgment affirmed.

   Filed Sept. 26, 1885.