Filed Oct. 17, 1890.

---

No. 15,636.

SMITH *v.* THE STATE.

CRIMINAL LAW.— *Subornation of Perjury.* — *Indictment.* — *What it Must Charge.*—Under section 2008, R. S. 1881, which provides that "whoever suborns or procures any person to commit perjury, is guilty of subornation of perjury," the indictment must charge that the defendant procured another to commit perjury, and that the party procured committed the crime.

SAME.—*Insufficiency of Indictment.*—Under section 2006, R. S. 1881, defining what shall constitute perjury, an indictment for subornation of perjury which alleges the procuring of an affidavit before a notary public in the form of an ordinary complaint, falsely charging a person with being the father of the affiant's unborn bastard child, but which does not aver that any prosecution was ever commenced before any justice of the peace, or that any legal proceedings were pending in which such affidavit was made, or filed, is insufficient, and a motion to quash should be sustained.

From the Clinton Circuit Court.

*D. S. Holman, T. H. Palmer* and *W. F. Palmer,* for appellant.

OLDS, J.—The appellant was indicted by the grand jury of the Clinton Circuit Court for the crime of subornation of perjury. The indictment was in two counts. The appellant moved the court to quash each count of the indictment. The court sustained the motion to quash the first count, and overruled it as to the second. The appellant pleaded not guilty, and the cause was submitted to a jury

Smith *v.* The State.

and a trial had, resulting in a verdict of guilty, and the court overruled a motion for a new trial, and sentenced the appellant. Exceptions were reserved to the ruling of the court.

The second count of the indictment is as follows: "The grand jurors aforesaid, on their oaths aforesaid, do further present and say that on the 11th day of October, 1889, at the county of Clinton and in the State of Indiana, one Mary E. Packer was then and there pregnant with a bastard child; that one George W. Smith was then and there the father of said bastard child; that said George W. Smith did, at the county of Clinton, in the State of Indiana, on the 11th day of October, 1889, and on divers other days and times, at said county and State, then and there feloniously, wilfully and corruptly suborn, incite and procure the said Mary E. Packer to go into the county of Tippecanoe, in said State, and take, subscribe and swear to the following affidavit, to wit:

'STATE OF INDIANA, } ss :
TIPPECANOE COUNTY, }

'Before Noah Justice, justice of the peace in and for Fairfield township.

'The State of Indiana, on the relation of Mary E. Packer,
   *vs.*
Asher Arnold.
} Complaint.

'Mary E. Packer complains of Asher Arnold, and says that she is pregnant with a bastard child, and that Asher Arnold is the father of said child.     MARY E. PACKER.

'Subscribed and sworn to before me this 11th day of October, 1889.          WILLIAM C. MITCHELL,
                    '*Notary Public.*' [SEAL.]

"That said affidavit was so sworn to, and said oath so taken by said Mary E. Packer on said 11th day of October, 1889, in the county of Tippecanoe, in said State, before one William C. Mitchell, a notary public in and for said county and

State, who then and there had full power and competent authority to administer said oath ; that said oath was then and there so taken by said Mary E. Packer, she, the said Mary E. Packer, having been so, on said 11th day of October, 1889, and on divers other days before that time in said county of Clinton, in said State of Indiana, incited, suborned and procured so to do by said George W. Smith as aforesaid; that it was then and there, to wit, on the 11th day of October, 1889, and at the county of Clinton in said State, a matter material to the point in question who was the father of said bastard child with which said Mary E. Packer was then and there pregnant; that a lawful oath or affirmation was then and there required by law to determine the paternity of said bastard child; that said Mary E. Packer did then and there, on her oath as aforesaid, in said affidavit as aforesaid, before said notary public as aforesaid, feloniously, wilfully, corruptly and falsely swear that one Asher Arnold was the father of said bastard child with which she, the said Mary E. Packer, was then and there pregnant, when in truth and in fact, as both the said Mary E. Packer and the said George W. Smith, and each of them, then and there well knew, the said Asher Arnold was not the father of said bastard child, and therefore the grand jurors aforesaid, on their oath aforesaid, say that said oath was then and there so procured, suborned and incited to be made by the said Mary E. Packer, by the persuasion, procurement and subornation then and there made by said George W. Smith, and that said oath so made was then and there false and corrupt, in this, to wit, that said Asher Arnold was not then and there the father of said bastard child, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana." The indictment was properly signed by the prosecuting attorney, and endorsed a true bill, and signed by the foreman of the grand jury.

Section 2008, R. S. 1881, provides that " Whoever sub-

orns or procures any person to commit perjury is guilty of subornation of perjury." Under this section a party must suborn and procure a person to commit perjury. There are two essential elements to constitute the crime; one party must procure another to commit perjury, and the party thus procured must actually commit the crime of perjury; and under this section an indictment must charge that the defendant not only procured another to commit perjury, but it must charge that the party so procured did actually commit the crime of perjury. It therefore becomes important to determine whether or not the indictment in this case alleges facts showing that Mary E. Packer committed the crime of perjury.

Section 2007, R. S. 1881, defines what shall constitute perjury in a voluntary affidavit, as follows: " Whoever wilfully, corruptly, and falsely before any officer authorized to administer oaths, under oath or affirmation voluntarily makes any false certificate, affidavit, or statement of any nature for any purpose, shall be deemed guilty of perjury."

The indictment in this case fails to allege any purpose in the making of the affidavit alleged to be false. We are not favored with any brief on behalf of the appellee, and hence are not advised upon what theory it is contended that the indictment is sufficient, or upon what theory it was held good by the trial court, but from the averments contained in the indictment we are not led to believe that it was intended as charging a crime under section 2007, *supra,* but that it was framed with a view of charging perjury under section 2006, R. S. 1881, which provides that " Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm wilfully, corruptly, and falsely touching a matter material to the point in question, shall be deemed guilty of perjury," as it is averred in the indictment " that it was then and there, to wit, on the 11th day of October, 1889, and at the

county of Clinton, in said State, a matter material to the point in question who was the father of said bastard child with which said Mary E. Packer was then and there pregnant; that a lawful oath or affirmation was then and there required to determine the paternity of said bastard child."

It does not appear, from the averments in the indictment, that any prosecution was ever commenced before any justice, or that any legal proceedings were pending in which such affidavit was made or filed. An oath, or affirmation, is required by law as to the paternity of the child when a prosecution for bastardy is commenced; but it is not required unless such prosecution is commenced. The alleged affidavit, set out in the indictment, is an ordinary complaint in a prosecution for bastardy ; but, as we have said, it does not appear that any such prosecution was ever commenced, or that the affidavit was ever filed with a justice ; but it is shown to have been sworn to before a notary public ; and, for aught that appears, it was kept and retained by Mary E. Packer. The averment that in Clinton county it was a matter material to the point in question who was the father of said bastard child, amounts to nothing. No legal proceedings were pending in which it became material. It is equivalent to saying that the people of Clinton county were curious to know who was the father of the child. The words " touching a matter material to the point in question " will admit of no such interpretation, or construction, as that in which they are used in the indictment. Section 2006 has relation to an oath required and administered in connection with some legal proceedings, or in relation to some matter in which an oath is required by law. And to constitute a good indictment under this section it must appear from the facts alleged that the false swearing was in relation to a matter in which an oath is required by law. The oath alleged to have been made in this case is only required by law in a prosecution for bastardy, and it is not shown that any such prosecution was ever commenced, or even that the affidavit

was made with a view to the commencement of such a prosecution. The affidavit is sworn to before a notary public in Tippecanoe county, and it is averred that the materiality as to the question as to who was the father of the child existed in Clinton county. The indictment is clearly defective. See *State* v. *Flagg*, 27 Ind. 24; *State* v. *Anderson*, 103 Ind. 170; *Burk* v. *State*, 81 Ind. 128.

The court erred in overruling the motion to quash the second count of the indictment, and for this error the judgment must be reversed.

Judgment reversed, with instructions to the court below to sustain the motion to quash the second count of the indictment.

