No. 16,724.

THE STATE v. HOPPER.

CRIMINAL LAW.—*Indictment.*—*Sufficiency.*—*Perjury.*—*Making False Affidavit as to Qualification of Voter.*—*Want of Venue in Affidavit.*—In an indictment charging one with perjury in willfully, falsely, etc., making an affidavit as to the qualifications of a certain person to vote, the omission of the name of the county in the affidavit is immaterial, when it is alleged in the indictment, of which the affidavit is made a part, that the affidavit was made at Harrison county, Indiana, the county in which the indictment was found.

SAME.—*Authority to Administer Oaths.*—*Judicial Notice of.*—*Facts Establishing.*—*Formal Allegations not Necessary.*—*Perjury.*—Where an election inspector, before whom an affidavit was made, signed his name without attaching his official title thereto, but where an indictment against the affiant for perjury, based upon said affidavit, alleges the official character of the person before whom the affidavit was made, such allegation will cure the apparent defect of the affidavit, and the court will take judicial notice of the authority, under the laws of the State, of an officer to administer oaths, when the facts establishing the authority appear in the indictment, and a formal allegation as to such authority is not necessary.

SAME.—*Indictment.*—*Perjury.*—*False Affidavit.*—*Materiality of.*—*How Made to Appear.*—In an indictment for perjury, based upon an alleged false affidavit, the materiality of the affidavit must appear either by averments or by a statement of the facts.

SAME.—*Indictment.*—*Perjury.*—*False Affidavit.*—*Immaterial Facts.*—*Signing, Filing, Name of Challenger.*—In an indictment for perjury, based upon a false affidavit made before an election officer, it is not essential that it should appear in the indictment that the affidavit was signed in the presence of the election board; nor is it necessary that the name of the challenger should appear, or that the affidavit accomplished its intended purpose, or was filed with the election board.

From the Harrison Circuit Court.

*C. W. Cook*, for appellant.

*W. N. Tracewell, R. J. Tracewell* and *G. W. Self*, for appellee.

COFFEY, J.—The appellee was indicted in the Harrison Circuit Court, upon a charge of perjury. The court, upon motion of the appellee, quashed the indictment, and the

State, by her prosecutor, excepted. Omitting the caption, the indictment in question is as follows:

"The grand jurors for Harrison county, State of Indiana, upon their oaths, present and charge that on the 7th day of April, 1890, at said county, a general election was held pursuant to law, and on that day such election was had and held in Blue River township, in said county, at the voting precinct in said township, for the purpose of electing township officers; that, then and there, one William Cephus Bray did unlawfully offer to vote, and said Bray was then and there duly challenged as unqualified to vote at said election, by a qualified voter of said precinct and township; that thereupon said William Cephus Bray did insist upon voting, and the said challenge not being withdrawn, the inspector of said election, one John A. Harrell, then and there administered to said Bray the usual and proper oath, as is required by law in such cases made and provided; that thereupon Isaac J. Hopper—a qualified voter of said precinct, a freeholder and householder thereof for one year then next preceding, for the purpose of enabling said William Cephus Bray, then and there to vote—did then and there make oath and was solemnly sworn to an affidavit of the following tenor:

"State of Indiana, —— county, ss:

"I, Isaac Hopper, do swear that I am a qualified voter of this precinct, and that I have been a freeholder and a resident householder in this precinct, for one year next preceding this election, and that I know William Bray who now desires to vote has resided in this State for six months immediately preceding this election; that he has resided in this township sixty days, and in this precinct thirty days, and is now a *bona fide* resident of this precinct.

"ISAAC J. HOPPER.

"Subscribed and sworn to before me, this 7th day of April, 1890. "J. A. HARRELL."

"That said J. A. Harrell was then and there John A. Harrell, who was then and there the inspector of said election; that said William Bray, mentioned in said affidavit, was, and is, the same William Cephus Bray who was challenged as aforesaid; that said William Cephus Bray did not then and there have the legal qualifications of a voter in this, to wit: that he, the said William Cephus Bray, was not then and there a resident of said township and precinct; that the said Isaac J. Hopper did then and there willfully, corruptly and falsely and voluntarily make said affidavit before said John A. Harrell, inspector of said election as aforesaid, in the manner and for the purpose aforesaid, whereas in truth and in fact, as the said Isaac J. Hopper then and there well knew, said William Cephus Bray was not then and there a resident of said township and precinct; and so the grand jurors aforesaid, on their oaths aforesaid, do present and charge that the said Isaac J. Hopper, in manner and form aforesaid, and at the time and place aforesaid, did feloniously, willfully, corruptly, voluntarily, and falsely commit willful and corrupt perjury, contrary," etc.

The affidavit upon which the charge of perjury is predicated, being an affidavit required by law, the indictment under consideration is based upon section 2006, R. S. 1881, which provides that, "Whoever having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm willfully, corruptly, and falsely touching any matter material to the point in question, shall be deemed guilty of perjury, contrary," etc.

Many objections to the sufficiency of this indictment are urged by the appellee, all of which we will consider in the order in which they are made.

It is first contended that no valid indictment could be predicated on the affidavit in question, for the reason that such affidavit contains no venue.

This, in our opinion, is not a valid objection. It is alleged in the indictment that the affidavit was made at Harrison county, Indiana. As to whether the affidavit was sufficient to accomplish the object for which it was intended is not a material question. *State* v. *Flagg*, 27 Ind. 24.

Nor is the objection that the election inspector did not attach his official title to his name signed to the jurat tenable. It is alleged that he was the inspector of the election at which Bray attempted to vote, which is a fact susceptible of proof, we think, by parol evidence. Proof that he was acting as an inspector would be *prima facie* evidence of his official character.

It is also objected that it does not appear that the affidavit was sworn to before any one authorized to administer the oath.

Of course the authority of the officer administering the oath must appear, either by direct allegation or by the facts set forth in the indictment, otherwise the indictment would be bad on motion to quash. But where the authority of the officer to administer the oath fully appears by the facts set forth in the indictment, a formal allegation of his authority, which is at best in the nature of a conclusion, could subserve no good purpose. We think the authority of the officer to administer the oath may be shown as well by a statement of the facts as by the allegation that he had authority. *Babcock* v. *United States*, 34 Fed. Rep. 873.

We take judicial notice of the statutes of the State, and, when the facts in relation to the making of an affidavit are stated, we must take notice of the authority of the officer before whom it was made. Section 4702, R. S. 1881, confers upon the inspectors of elections the authority to administer all necessary oaths, where one offering to vote is challenged.

When the fact is stated that Bray offered to vote and was challenged, and that, for the purpose of enabling him

to vote, the appellee made the affidavit set out in the indictment, before the inspector of the election at which Bray offered to vote, we must know that such inspector had authority under the above-mentioned section of the statute, to administer the oath.

So it is urged that the materiality of the affidavit set out in the indictment does not appear for the reason that the ground upon which Bray was challenged is not set forth.

The materiality of the affidavit must appear either by averment or by a statement of the facts. It may be shown in either mode. *State* v. *Flagg*, *supra; State* v. *Anderson*, 103 Ind. 170; *State* v. *Reynolds*, 108 Ind. 353.

The point in question in this case, as shown by the allegations in the indictment, was Bray's right to vote at the precinct therein named. His residence in the State, in the county, township, and precinct, were matters material to the point in question, for, if he had not been such resident for the period required by law, he was not entitled to vote. We think the materiality of the affidavit sufficiently appears.

In our opinion, the indictment is not bad for want of a direct allegation, that the affidavit therein set out was filed with the election board. It is shown that the point in question, before the election officers, was the qualification of Bray as an elector, who had been challenged, and who was insisting upon voting. The affidavit in question was sworn to before the inspector, by the appellee, for the purpose of enabling him to vote. In this respect the case is distinguished from *Smith* v. *State*, 125 Ind. 440.

It is now held that no greater certainty is required in criminal than in civil pleading. *McCool* v. *State*, 23 Ind. 127.

There being a material point in question pending before the election board, the offense was complete the moment the appellee knowingly made a false affidavit before the board, material to that point, for the purpose of enabling them to determine it. It is wholly immaterial whether the

affidavit accomplished the purpose for which it was intended.

Nor was it necessary, in our opinion, to give the name of the person who challenged Bray. The allegation being mere matter of inducement, it was sufficient to allege that he was challenged by a legal voter of the precinct.

It was not necessary that the indictment should allege that the affidavit was signed in the presence of the election board. The place where it was signed could, in no manner, affect the question of its truth or falsity.

The indictment is somewhat informal, and is in some respects uncertain, but it seems to contain all the necessary allegations to make a good charge of perjury. In our opinion, the court erred in sustaining the motion of the appellee to quash this indictment.

Judgment reversed, with directions to the Circuit Court to overrule the motion of the appellee to quash the indict-ment in this case.

Filed December 20, 1892.