JEFFRIES, ALIAS, ETC. *v.* STATE OF INDIANA.

[No. 30,110. Filed December 12, 1961.]

*Mellen & Mellen,* of Bedford, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged by affidavit with the crime of perjury. The evidence showed the oath was made in an application for a chauffeur's license in which he stated that his driver's license had not been previously suspended or revoked. The cause was tried by the court and the appellant convicted.

There are two statutes defining the crime of perjury—Burns' §10-3801 and Burns' §10-3802. Burns' §10-3801 provides in substance that whoever takes an oath "in any matter in which, by law, an oath or affirmation may be *required,*" and swears falsely "touching a matter material to the point in question," shall be guilty of perjury. (Our italics) Burns' §10-3802 provides that whoever takes an oath and *"voluntarily* makes any false certificate, affidavit or statement of any nature, for any purpose, shall be deemed guilty of perjury, . . ." (Our italics)

The prosecution in this case, it is admitted, was made under the latter statute (Burns' §10-3802) defining "Perjury in Voluntary Affidavits" as distinguished from Burns' §10-3801, defining "Perjury Where Oath Required." The affidavit, omitting the caption and formal parts, was in words and figures as follows:

"Lowell Simmons on information and belief, being duly sworn, on oath says that at and in the County of Lawrence and State of Indiana, on the 1st day of February, 1958, one Clifford Loren Jeffries, alias Cliff Loren Jeffries, late of said County, did then and there falsely come in person before Mae Hobson, who was then and there a Notary Public of the State of Indiana and was an officer having competent authority to administer an oath, and the said Clifford Loren Jeffries, alias Cliff Loren Jeffries, then and there in due form was sworn by and took his corporal oath before said Mae Hobson as such Notary Public and did willfully, corruptly, and falsely *make his voluntary* statement in writing in which he stated that his driver license and driving privileges had not been suspended and revoked and were not at said time suspended and revoked; whereas, the facts therein stated were false and said affidavit was falsely and corruptly made; that in truth and in fact the driving privileges of said defendant, Clifford Loren Jeffries, alias Cliff Loren Jeffries, had been suspended numerous times previous and were in fact suspended and revoked at the time of the making of said affidavit, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana." (Our italics)

The question here is whether or not proof that the affidavit was made for the purpose of procuring a chauffeur's license, as required by law, would sustain a conviction under the statute providing for perjury made upon a voluntary affidavit. The State contends that the affidavit made was voluntary, since the appellant had the choice of making or not making the application for the license. The appellant, on the other hand, contends that the evidence is insufficient in this case to sustain the decision of the court under the "voluntary" affidavit section, since the evidence plainly shows that the oath was one required

by law under Burns' §10-3801, while the charge is based upon the "voluntary" section of the perjury statute.

An examination of the affidavit upon which the charge was based is set out above showing that there is no allegation therein that the affidavit was made for the purpose of and as provided by law to procure a chauffeur's license. Neither is there any allegation in the affidavit "touching a matter material to the point in question" as provided under Burns' §10-3801. We must therefore, from the allegations of the affidavit and from the admissions of the State itself, consider the affidavit as founded upon the section defining "perjury in voluntary affidavits" under Burns' §10-3802.

An examination of authorities in this State with reference to the distinction between the two sections of the statute on perjury bears out the contention of the appellant. In *The State* v. *Flagg* (1865), 25 Ind. 243, it was held that an affidavit made for a continuance was one under the section of the statute where the oath is "required by law" and not a voluntary oath.

This court followed that decision in *The State* v. *Anderson* (1885), 103 Ind. 170, at page 174, 2 N. E. 332, saying:

> "The perjury is charged to have been committed in the making of an affidavit for a continuance of a cause, in which appellee was defendant, pending before a justice of the peace. This was not a voluntary affidavit, in the sense of section 2007, but was a matter in which, by law, an oath was required, and hence the case falls within the provisions of section 2006, R.S. 1881."

The case of *Smith* v. *The State* (1890), 125 Ind. 440, 25 N. E. 598 is clearly in point. There an affidavit was made, charging a person with being the father of an illegitimate child. There was no statement in the indictment of the grand jury that the affidavit was filed or used in any criminal or civil action. The court then held that by reason of the absence of any allegations showing that the affidavit was required in any such proceeding or that it was used in any such proceeding, it was voluntarily made and was not one shown to have been required by law or any legal proceeding.

In the case of *The State* v. *Hooper* (1892), 133 Ind. 460, 32 N. E. 878, a prosecution was sustained upon an indictment made before an election official when a voter's right to vote was challenged. This was held to be one required by law, as distinguished from a voluntary affidavit. The charge recited therein that the affidavit was made "falsely and voluntarily" as in the case before us. However, in that case the allegations in the indictment showed the materiality of the facts sworn to and that they were made for the purpose, as required by law, to vote. In the case before us the affidavit contains no statements showing the purpose or materiality of the taking of the oath, and since there are two separate sections of the statute under which a perjury charge may be presented, we must follow the distinction outlined by the statute and hold that the affidavit in the case before us, by the limitation of its allegations, can only be based upon the statute defining "perjury and voluntary affidavits".[1]

---

1. The case of *Harrison* v. *State* (1952), 231 Ind. 147, 106 N. E. 2d 912 did not turn upon the question of whether or not the perjury charged came within the voluntary or involuntary section of the statute defining the crime, and that question was not determined by that case.

Proof that the oath was one required by law, as the evidence shows in this case under Burns' §10-3801, will not sustain proof that it was a voluntary affidavit under Burns' §10-3802.

The law is well settled in Indiana that where a statute or regulation provides an oath shall be made in order to comply with the law or secure some service or action from a governmental unit or officer in case of false swearing, Burns' §10-3801 is applicable, the oath being one required by law. *State* v. *Malone* (1910), 174 Ind. 746, 93 N. E. 170; Ewbank's Indiana Criminal Law, Symmes Ed. Sections 1505, 1506.

The charge here having been filed in one count only (Burns' §10-3802), in view of what has been said, the evidence is not sufficient to sustain the conviction under that count.

The judgment of the trial court is reversed, with directions to grant a new trial.

Achor, C. J., Jackson, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 542.