THE STATE, on the Relation of ADAMS, *v.* BROWN and Others.

THE STATE
v.
BROWN.

Debt on the bond of a justice of the peace, the ground of complaint being that he had not issued execution on a judgment in time. *Held*, that an averment in the declaration that the judgment was rendered on the 1st of *April*, 1836—that the justice neglected to issue execution thereon till the 16th of *May*—and that the execution was returned unsatisfied,—was equivalent to saying that, down to the time of the return, the judgment had not been paid or replevied. *Held*, also, that the justice was bound to issue execution on the judgment within a reasonable time; and that such time had elapsed in this case before the execution issued. *Held*, also, that an averment in the declaration, that the justice had been requested to issue an execution on the judgment and had refused to do so, was mere surplusage—a matter which the defendant was not at liberty to traverse.

*Monday,
May 24.*

ERROR to the *Allen* Circuit Court.

DEWEY, J.—Debt against a justice of the peace and his sureties on his official bond. The condition of the bond is, that the justice shall faithfully discharge the duties of his office. The declaration alleges that the relator, *Adams*, on the 1st of *April*, 1836, recovered a judgment before the justice against one *Codner* for a certain sum and costs, from which no appeal was taken; that the justice neglected to issue an execution upon the judgment until the 16th of *May;* that in the mean time *Codner* had disposed of his property and become insolvent; and that the execution was returned *nulla bona.* The declaration also contains an averment that the relator, on the 10th of *April,* and before and after that time, requested the justice to issue an execution, which he refused to do. The defendants pleaded, that the relator did not, at the time of the rendition of the judgment, request the justice to issue an execution, and that the justice did not refuse to issue one when requested by the relator. There was a general demurrer to this plea, which was sustained; but the Circuit Court, conceiving the declaration to be bad, rendered judgment against the plaintiff.

We concur in the opinion of the Circuit Court as to the plea, but not as to the declaration.

The statute having relation to the breach of the condition of the bond assigned in the declaration, provides that if judgments rendered by justices of the peace be not replevied or

paid, the justice shall issue an execution unless otherwise directed by the judgment-creditor. R. C. 1831, p. 307.

The objection urged against the declaration is, that it does not aver that the judgment described in it had not been replevied or paid. But it does contain, substantially, such an averment. The judgment was rendered on the 1st of *April;* and there is an allegation that on the 16th of *May,* the justice issued an execution which was returned unsatisfied. This is equivalent to saying that down to the time of the return, the judgment had not been paid or replevied. The justice was guilty of a neglect of duty for not issuing an execution within a reasonable time after the rendition of the judgment; that time had elapsed before the 16th of *May.*

The plea is bad because it tenders an immaterial issue. The justice was bound to issue an execution unless otherwise directed by the creditor. The allegation in the declaration, therefore, that the justice had been requested to issue one and refused was mere surplusage. It was not a matter which the defendant was at liberty to traverse. It had nothing to do with the liability of the defendants, which was sufficiently shown by other parts of the declaration.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick* and *W. H. Coombs,* for the plaintiff.

*H. Cooper,* for the defendants.