## EZRA *v.* MANLOVE.

A *fieri facias* on a justice's judgment which was replevied, issued at the request of the surety before the expiration of the replevy, without an affidavit, is, under the statute of 1838, irregular and void.

If an execution so issued be levied by the constable, he may, when informed of the invalidity of the writ, abandon the levy.

A plea asserting a right founded on a statute, should aver every fact necessary to show that the case is within it.

APPEAL from the *Tippecanoe* Circuit Court.

SULLIVAN, J.—*Scire facias* by *Ezra* against *Manlove*, replevin-bail for one *Sumner*, commenced before a justice of the peace. The cause was before this Court at the *May* term, 1843, when it was remanded for further proceedings. At the *June* term, 1844, of the Circuit Court, the defendant, by leave of the Court, filed four additional pleas. The first states that before issuing the *scire facias* in this behalf, and before the *fi. fa.* referred to in said *sci. fa.* was issued, to wit, on the 6th of *February*, 1840, the justice issued a *fi. fa.* on said judgment against *Sumner*, the original debtor, which was delivered to a constable of the township duly commissioned, &c., by which he was commanded to levy, &c.; that the con-

May Term, 1845.

EZRA
v.
MANLOVE.

7b 389
161 687
162 253

Monday,
June 2.

stable did, on, &c., seize by virtue thereof and take into his possession divers goods and chattels, the property of said *Sumner*, (which are enumerated in the plea,) more than sufficient to satisfy said judgment, and which said goods and chattels the constable did afterwards voluntarily abandon, and suffer the same to be taken beyond his reach and control, and has made no return whatever of said *fi. fa.;* wherefore, &c. The second plea is similar to the first. The question before us does not require the remaining pleas to be noticed. A motion to reject the pleas was overruled, whereupon the plaintiff filed a replication to the first and second pleas. The substance of the replication is, that the *fi. fa.* issued by the justice, to wit, on the 6th of *February*, 1840, as alleged by the defendant, was issued before the stay of execution had expired on said judgment, without an affidavit being filed by the defendant or any person on his behalf, and without the request of *Sumner;* that the *fi. fa.* was issued without any authority of law whatever, and for that reason and none other was by said justice recalled as was his duty in that behalf, and the goods and chattels levied on were returned to said *Sumner*. The defendant rejoined, that the *fi. fa.* was issued by the justice at the instance of the defendant, *Manlove,* and that *Sumner* did, before the execution was called in by the justice, voluntarily deliver to the constable the goods and chattels in said plea set forth, to be held by the constable by virtue of said execution, and to be sold by him for the payment and satisfaction of said judgment. Special demurrer to the rejoinder, demurrer overruled and judgment for the defendant.

The execution of the 6th of *February*, 1840, was issued before the expiration of 150 days, the time for which the judgment against *Sumner* had been replevied. *Ezra*, the plaintiff, had no agency in procuring the writ. It was issued on the application of *Manlove;* and the question is whether he has brought himself within the statute which authorizes, in certain cases, an execution to go on a judgment that has been replevied, before the expiration of the replevy. Unless he has done so, the writ was void, and all proceedings under it were consequently invalid. The 49th section of the Rev. Stat. 1838, p. 374, provides that when any bail for the stay of execution shall become apprehensive that, by execution

being delayed until the full term of the stay shall have expir- ed, he may be compelled to pay the judgment, such bail may go before the justice on whose docket he stands as bail, &c., and make and file an affidavit that he is apprehensive of being compelled to pay such judgment if execution be further delayed, and thereupon, at the request of such bail, the justice shall issue execution against the original judgment-debtor, &c. Without an affidavit, *Manlove* had no right to demand, and the justice had no power to issue, the execution of the 6th of *February*, 1840. It was a void writ, and if it were levied by the constable, he was justifiable in abandoning the levy when informed of the invalidity of the writ.

To say nothing about the question of departure that is raised by the demurrer, we are of opinion that the rejoinder is defective in not showing that *Manlove* brought himself within the statute. An execution could issue only as authorized by the statute, and it is a general rule that in asserting a right founded on a statute, the pleader should aver every fact necessary to inform the Court that his case is within it.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler* and *D. Mace*, for the appellant.

*Z. Baird*, for the appellee.