Nov. Term,
1845.

COLSON
v.
THE STATE.

---

## COLSON *v.* THE STATE.

If to a statute on which an indictment is founded there be an exception in a subsequent statute, the exception need not be negatived in the indictment.

To authorize a person to sell foreign merchandize without license, he must have received it in exchange for articles of his manufacturing, or for products of his own agriculture.

An indictment for selling foreign merchandize without license for money, is not sustained by proof that the merchandize was sold for produce.

*Saturday,*
*December* 27.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—Indictment for vending foreign merchandize without license. The charge alleged in the indictment is, "that the defendant, on, &c., in eighteen hundred and forty-three, in *Union* county, &c., not having a license, &c., sold to *Anderson Sutton*, at and for the sum of six and a fourth cents, one-fourth of a pound of pepper, the same not being the product of the *United States*," &c. Plea, not guilty.

Cause submitted to the Court, and judgment for the state. <span>Nov. Term,<br>1845.</span>
A motion by the defendant for a new trial was overruled.

<span>COLSON<br>v.<br>THE STATE.</span>

It was proved on the trial that in 1843, in *Union* county, &c., *Anderson Sutton* purchased of the defendant a quarter of a pound of pepper for the price of five cents, which he paid for in produce, not money; that the defendant was a citizen of said county; that he kept some groceries which he received in exchange for the products of agriculture, a part of which he raised on his own farm, and the balance of which he received in exchange for groceries of his neighbours; and that the pepper in question was received by the defendant in that way. There was no other material evidence.

Subsequently to the statute prohibiting the sale of foreign merchandize, on which this indictment is founded, a statute was passed saying, " that citizens of this state who, in exchange for articles of their manufacturing or products of agriculture, receive groceries, dye stuffs, oils, paints, or cloths, may, and they are hereby authorized to, sell the same within their proper county without procuring a license therefor." R. S. 1843, p. 1052. The indictment is not objectionable for omitting to state, that the pepper had not been received by the defendant in exchange for articles of his manufacturing, &c., the exception being in a separate statute. It was for the defendant to show that he came within the exception. *The King* v. *Hall*, 1 T. R. 320.

We do not think the defendant proved that his sale of the pepper without license, was protected by the last-named statute; because it did not appear that he had received the pepper for articles of his manufacturing or for products of his own agriculture.

A new trial, however, ought to have been granted as the sale of the pepper, according to the indictment, was for money; but according to the evidence it was for produce. The statement that the sale was for money, was descriptive of the offence and should have been proved as laid.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*A. A. Hammond*, for the state.