Nov. Term, 1847.

WEAVER
v.
THE STATE.

---

WEAVER and Others *v.* THE STATE, on the Relation of THOMPSON.

Where a surety in the bond of a justice of the peace applies to be discharged from liability, the justice may waive the issuing of a summons in such case, and execute an additional bond.

Where a suit is brought to recover damages for the non-performance of a duty of a justice of the peace, and there are exceptions contained in the enacting clause of the statute which prescribes the duty, the declaration must negative the exceptions.

Debt on the bond of a justice of the peace. Breach assigned, that on the 21st of *June*, 1841, the relator recovered a judgment before the justice for 51 dollars and 25 cents against one *E.*; that the justice failed to issue execution on the judgment during his term of office, *though he might, could, and should have issued it;* that no execution issued on the judgment until the 6th of *December*, 1841, when one was issued by the successor of the justice, and when *E.* had no property subject to execution; and that the judgment had not been paid. *Held*, that the assignment of the breach was insufficient.

The declaration should have expressly averred, or have stated facts amounting to an averment, that the judgment had not been replevied, and that the judgment-creditor had not directed that an execution should not issue.

The statement that the justice might, could, and should have issued an execution is only a conclusion of law.

ERROR to the *Marion* Circuit Court.

Wednesday,
December 22.

BLACKFORD, J.—The state, on the relation of *Thompson*, brought an action of debt against *Weaver* and his sureties, on their bond conditioned for the performance, by *Weaver*, of his duties as a justice of the peace. It appears from the

declaration, that *Weaver* had been elected a justice of the peace for five years from the first of *November*, 1836, and had given bond according to law; that on the 10th of *January*, 1840, one of the sureties filed an application, under the statute, to be discharged from the bond; that on the same day, in consequence of such application, *Weaver* went and waived the issuing of a summons against him, and executed and filed in the clerk's office an additional bond (the one now sued on), which was approved of by the clerk. The assignment of the breach is as follows: That on the 21st of *June*, 1841, *Thompson* recovered a judgment before *Weaver* for 51 dollars and 25 cents against one *Elder;* that *Weaver* failed to issue execution on the judgment during his term of office, though he might, could, and should have issued it; that no execution issued on the judgment until the 6th of *December*, 1841, when one was issued by the successor of *Weaver*, and when *Elder* had no property subject to execution; and that the judgment had not been paid.

The defendants pleaded several pleas in bar, some of which were demurred to, and on the others issues in fact were joined.

The demurrers were sustained. The issues in fact were submitted to the Court, and judgment rendered for the plaintiff.

Of the pleas demurred to, there is but one which the defendants endeavour to sustain. That plea is, that the sureties in the first bond had not, when the second bond now sued on was executed, removed from the state, or become insolvent, nor had *Weaver* been requested, by any competent authority, to give a further bond. The defendants insist that this plea is good, on the ground that it was material to the maintaining of the suit, that *Weaver* should have been required by the proper authority to give the second bond. But we do not think that such requirement was necessary. On the surety's application to be discharged as alleged in the declaration, the statute authorized a summons to issue requiring the justice to execute a further bond. R. S. 1838, p. 424. The justice in this case, on the application being made, went to the clerk's office, and, waiving the issuing of a summons, gave the additional bond, and thus did what the summons, had it issued,

would have required him to do. The want of a summons,
after such waiver, can be no objection to the bond.

The defendants object to the assignment of the breach in
the declaration, because there is no averment. that the judgment had not been replevied.

The statute of 1838, which governs this case, enacts, that on all judgments of justices, &c., upon the judgment-debtor's entering good and sufficient security, on the docket where the judgment is entered, for the amount of such judgment, interest, and costs, there shall be a stay of execution, if the sum is over forty dollars, for one hundred and fifty days; and if such bail be not entered, nor the judgment paid, the justice, unless otherwise directed by the judgment-creditor, shall issue one execution. R. S. 1838, pp. 373, 374. According to this statute, it was the justice's duty to issue an execution on the judgment, unless the judgment had been replevied or paid, or the judgment-creditor had otherwise ordered; and these exceptions are contained in the enacting clause of the statute.

The law is well settled that, in an action for a penalty under a statute, if there be any exception in the clause which gives the penalty, exempting certain cases from its operation, the declaration must show that the particular case is not within the exception. But where it comes by way of proviso in a subsequent section of the act, or in a subsequent act, it is matter of defence, and need not be noticed in the declaration. *Thibault* v. *Gibson*, 12 Mees. & Welsb. 88. And the same rule prevails as to indictments. *Colson* v. *The State*, 7 Blackf. 590.—*The State* v. *Brown* (ante, 69). That this rule is not limited to suits on penal statutes, or to indictments, is shown by the case of *Vavasour* v. *Ormrod*, 6 Barn. & Cress. 430. That was an action for rent founded on a lease. The reservation of rent contained an exception by reference to subsequent matter in the instrument, but the declaration omitted the exception, and was therefore held to be bad. Lord *Tenterden* there said, "If an act of parliament, or a private instrument, contain in it, first, a general clause, and afterwards a separate and distinct clause, which has the effect of taking out of the general clause something which would otherwise be included in it, a party relying upon the general clause in pleading may set out that clause only, without no-

Nov. Term, 1847.

WEAVER
v.
THE STATE.

ticing the separate and distinct clause which operates as an exception. But if the exception itself be incorporated in the general clause, then the party relying upon it must, in pleading, state it with the exception, and if he state it as containing an absolute, unconditional stipulation, without noticing the exception, it will be a variance."

These authorities show that, in a case like that now before us, where the suit is to recover damages for a justice's non-performance of his duty, and there are exceptions contained in the enacting clause of the statute which prescribes the duty, the declaration must negative the exceptions.

The declaration in question states the non-payment of the judgment; and we are to examine whether the other exceptions are sufficiently negatived. The only statement on the subject is, that the justice *might, could, and should have issued an execution.* The plaintiff contends that this statement is sufficient. To sustain this position, he relies on the case of *The State* v. *Brown,* 5 Blackf. 494. In that case, the objection made to the declaration was, that there was no averment that the judgment had not been replevied or paid. The Court, however, considering the facts set out in the declaration to be equivalent to such an averment, overruled the objection, which arose on a demurrer to a plea. In the present case, the declaration does not expressly aver, nor does it state facts amounting to an averment, that the judgment had not been replevied, and that the judgment-creditor had not directed that an execution should not issue. The statement that the justice *might, could, and should have issued an execution,* is only a conclusion of law, arising from certain facts which should have been alleged by the plaintiff.

It is proper to observe that it appears from the declaration, that if the judgment was replevied, the justice could not have issued an execution, as the stay extended beyond his term of office.

We are of opinion, for these reasons, that the objection made by the defendants to the declaration is fatal.

*Per Curiam.*—The judgment is reversed. Cause remanded with leave to amend the declaration.

*L. Barbour,* for the plaintiffs.

*S. Yandes,* for the defendant.