Nov. Term,
1860.

THE STATE, on the relation of TYSON *v.* SHACKLEFORD and Others.

THE STATE
v.
SHACKLEFORD

Suit upon a constable's official bond. The breaches alleged were : 1. Failure to return an execution. 2. Failure to make the money, which he might and ought to have made. 3. Failure to make a levy and offer to sell within thirty days.

*Held*, that the second and third breaches were not well assigned, there being no averment that the execution defendant was within the bailiwick of the officer, or had property therein subject to said execution.

*Held*, also, that the first breach was also defectively assigned, for reasons given in *State* v. *Youmans*, 5 Ind. 281.

*Held*, also, that even if the first breach was well assigned, only nominal damages could be recovered on it, and this Court will not reverse a case to enable a party to recover such damages.

*Monday,*
*December* 17.

APPEAL from the *Ripley* Circuit Court.

HANNA, J.—Suit commenced before a justice against a constable and his sureties. Judgment against defendants, who appealed to the Circuit Court.

The transcript of the justice shows that the trial was on the 9th day of *August*, and that upon a demurrer being sustained to the answer of the defendants, they withdrew, and it was then "adjudged that the plaintiff recover of the defendants," &c.

The judgment bears date, *August* 10. The appeal bond and its approval, the 9th of the same month.

The first point made by the appellant here, is that the Circuit Court should have sustained the motion which was made to dismiss the appeal from the justice's judgment, because no bond had been filed, and that the bond could not be executed before judgment, &c.

This position assumes that the judgment was rendered on the 10th. We think the record made by the justice contradicts that assumption. The trial was on the 9th; upon the ruling on demurrer the defendant withdrew, and judgment was rendered for the plaintiff. The appeal bond was approved on that day by the justice, and refers to the judgment as of that date; the record does not show that the justice postponed the decision beyond the day of trial. The ruling was correct.

The complaint was several times amended in the Circuit Court, and a demurrer ultimately sustained thereto, which presents the remaining question in the case.

There are three breaches of the bond assigned: 1. Failure to return an execution, &c. 2. Failure to make the money, &c., which he "might and ought to have made." 3. Failure to "make a levy and offer to sell within thirty days."

As to the second and third breaches, they are not well pleaded; there is no averment that the execution defendant was within the bailiwick of the officer, or had property therein subject to said execution. *Jones* v. *The State, &c.*, 5 Blackf. 492; *The State, &c.* v. *Soverns*, 6 *id.* 168. The first breach was also defective. *The State, &c.* v. *Youmans*, 5 Ind. 281; 2 R. S., § 3, subdivision 6, p. 481, which is similar in its scope and effect, upon this point, to the act under which the *Youmans'* case was decided. But even if the plaintiffs were entitled to recover any thing under this breach, it could have been no more than nominal damages merely, and it has been decided that this Court will not reverse a judgment for the purpose of permitting a recovery of that character alone.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. W. Gordon, A. Connor* and *Thos. Bowless*, for appellant.