## THE STATE *v.* THRIFT.

CRIMINAL LAW.—*Indictment.*—*Perjury.*—In an indictment for perjury, the offense was charged to have been committed by the defendant in testifying in a cause where "it was a material question whether the said A. had entered a credit of forty dollars on the promissory note then in controversy;" and the false testimony charged was, that "the credit on said note was twenty dollars, when, in truth and in fact, it was forty dollars."
*Held,* that the offense was not charged with sufficient certainty.

SAME.—*Time.*—The indictment stated the time when the perjury was committed, thus: "at the April term of the Hendricks Circuit Court, in the year 1867."
*Held,* that this was sufficient, under section 56 of the criminal code.

APPEAL from the Hendricks Circuit Court.

FRAZER, J.—The indictment, which was for perjury, was quashed below, and that is the error assigned.

Two objections to it are urged. 1. That the time when the offense was committed is not stated with sufficient certainty. It is stated thus: "at the April term of the Hendricks Circuit Court, in the year 1867." This is certainly sufficient, under the criminal code (2 G. & H. 402, sec. 56), by which it is enacted that the precise time need not

be stated, but it is sufficient if it appear to be within the statute of limitations.   The terms of the Circuit Court are fixed by statute, and that court and this can judicially know when the April term of the Hendricks Circuit Court for 1867 took place, and that the period of limitation had not expired when this indictment was found.   2. The perjury of the defendant was charged to have been committed in testifying as a witness in a cause tried in court between Susan E. Parsons, plaintiff, and David A. Thrift, defendant, where it was material to know whether "the said David A. Thrift had entered a credit of forty dollars" on a certain promissory note.   The false testimony charged was, that "the credit on said note was twenty dollars, when, in truth and fact, it was forty dollars."   It is objected that this does not charge the offense with sufficient certainty.   The issues in the cause, upon the trial of which the alleged false testimony was given, are not stated, so that we could know for ourselves whether the fact sworn to was material or not.   We must, therefore, rely for our information on that subject upon the averment of the pleader, that " it was a material question whether the said David A. Thrift had entered a credit of forty dollars on the promissory note then in controversy." What is to be understood from this?   That the question was as to the person who had entered the credit, or the amount of the credit?   We know that it is possible that, in a suit where a promissory note is in controversy, either of these questions, or even both of them, might be material. But here we learn that only one question was material. What was that one question?   If it was whether Thrift had entered the credit on the note, then the evidence upon which the perjury is assigned was not material to the question.   In a word, the indictment leaves it in entire uncertainty whether the evidence given by Thrift was material. It may be inferred that the material question was as to the amount of the credit; if we are to assume that the pleader knew that the evidence would be material to that question, and not to the other.   But we are not aware of any rule of

law by which an otherwise defective pleading is to be helped by the presumption that the pleader knows the law.

The judgment is affirmed.

*D. E. Williamson*, Attorney General, for the State.

*L. M. Campbell*, for appellee.

