RUSSELL v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Exceptions Contained in Definition of Crime.*—
Where the definition of a criminal offence contains an exception closely
connected with the enacting clause, or in the same clause that creates the
offence, it is necessary in an indictment for such offence to show, by nega-
tive averment, that the defendant is not within the exception; but if the
exception be contained in a subsequent clause or statute, it is a matter of
defence, and need not be negatived in the indictment.

SAME.—*Desecration of Sabbath.*—An indictment, under the act of February
28th, 1875, for the desecration of the Sabbath by common labor, alleged
that it was not a work of charity, but omitted the words "and necessity,"
contained in the exception made by the statute.

*Held,* that the indictment was bad on motion to quash.

From the Marion Criminal Circuit Court.

*L. Jordan* and *H. Jordan,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. M. Cropsey,* Pros-
ecuting Attorney, for the State.

BUSKIRK, J.—The appellant was indicted and convicted, in
the court below, for the desecration of the Sabbath, by super-
intending, controlling, and carrying on a barber-shop on Sun-
day. A motion to quash the indictment was made and over-
ruled, and an exception taken. This ruling is assigned for
error.

The objection urged to the indictment is, that it does not
negative all the exceptions contained in the body of the act.
The statute, among other things, excepts "works of charity
and necessity." The indictment alleges that it was not a work
of charity, but omits the words "and necessity." The objec-
tion is well taken, and is fatal.

The law in relation to exceptions in a statute is, that if the
exception be contained in a subsequent clause or statute, it is a
matter of defence, and need not be negatived in the indictment;
but if it be closely connected with the enacting clause, or if it be
in the same clause of the act which creates an offence, it is
necessary to show, by negative averment, that the defendant is
not within the exception. *Colson* v. *The State,* 7 Blackf. 590;

*Bouser* v. *The State,* Smith Ind. 408 ; *Brutton* v. *The State,* 4 Ind. 601 ; *Peterson* v. *The State,* 7 Ind. 560 ; *Dillon* v. *The State,* 9 Ind. 408.

The court erred in overruling the motion to quash.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the motion to quash the indictment.