MONTGOMERY ET AL. *v.* THE STATE, EX REL. SOUTHARD.

PLEADING. — *Statute Containing Exception or Condition.*—*Suit on Constable's Bond.*—A complaint on the official bond of a constable, under section 9 of the act in relation to constables, 2 G. & H. 617, for his failure to do his duty in making a levy of an execution as required by the sixth clause of section 3 of said act, which does not allege that property could be found

by the constable on which to make a levy, or that the constable was not directed by the plaintiff or his agent not to make a levy, is insufficient.

From the White Circuit Court.

*J. H. Wallace* and *D. V. Burns*, for appellants.

*Reynolds & Green*, for appellee.

PETTIT, J. — This was a suit by the appellee against the appellants, being a constable and his sureties, for failing to do his duty in making a levy of an execution as required by the sixth division of section 3, 2 G. & H. 620–1, which reads thus:

"Sixth. To levy every execution, and make at least one offer to sell property levied upon within one month after such execution comes to his hands, if property can be found, unless otherwise directed by the plaintiff, or his agent."

The ninth section of the same act gives the right of action and fixes the damages and penalty for the non-performance of the duty above prescribed.

The question of the sufficiency of the complaint is properly presented.

The complaint does not allege or charge that property could be found by the constable, on which to make a levy, or that the constable was not directed by the plaintiff, or his agent, not to make a levy.

Where there is an exception or condition in a law imposing a duty or giving a right of action, the exception or condition must be negatived, in order to make a pleading good on such a law.

This ruling is fully sustained by the following authorities: *Weaver* v. *The State, ex rel. Thompson*, 8 Blackf. 563; *Struble* v. *Nodwift*, 11 Ind. 64; Gould Plead., ch. 4, sec. 22, p. 166; *The State, ex rel., etc.*, v. *Shackleford*, 15 Ind. 376; *Ezra* v. *Manlove*, 7 Blackf. 389.

The judgment is reversed, at the costs of the relator, with instructions to allow the plaintiff to amend the complaint, if asked for.