Filed Dec. 7, 1886.

---

No. 13,224.

## THE STATE *v.* REYNOLDS.

TAXES.—*Tax-Lists.*—*Verification.*—Under the law of this State, the list of personal property which the owner is required to make for tax purposes must be sworn to by such owner.

SAME.—*Assessor.*—*Power to Administer Oaths.*—The assessor and his deputies have authority, under the statute, to administer all necessary oaths in connection with tax-lists.

The State *v.* Reynolds.

SAME.—*Repeal of Statute.*—The repeal of "all laws within the purview" of the repealing act does not include the provisions of any statute in relation to cases not provided for by such repealing act.

SAME.—*Assessment of Moneys and Credits.*—*Residence of Owner.*—All residents of a township on the 1st day of April, or at any time between that day and the 1st day of June, the time when the assessor·is required to complete his assessment, are taxable in that township for their moneys and credits, owned on the 1st day of April, except such as have become residents subsequent to the last named date and.have been assessed, and are held for tax, upon such moneys and credits in the taxing district from which they have moved, as provided in section 6298, R. S. 1881.

SAME.—*Criminal Law.*—*False Tax-List.*—*Residence.*—*Indictment for Perjury.* —*Negativing Exception in Statute.*—An indictment for perjury committed in swearing to a tax-list, falsely stating the amount of moneys and credits owned by him, must show that the defendant was taxable for such property in the township in which the list was made, either by alleging that he was a resident of such township on the 1st day of April, or by negativing the exception contained in section 6298, and thus showing that, although he became a resident of the township after the 1st day of April, he had not been assessed upon his moneys and credits in the taxing district from which he had moved.

CRIMINAL LAW.—*Perjury.*—*Material Matter.*—An indictment for perjury can not be predicated upon an oath in relation to an immaterial matter.

From the Delaware Circuit Court.

*F. T. Hord,* Attorney General, *C. L. Medsker,* Prosecuting Attorney, and *J. N. Templer,* for the State.

*W. Brotherton* and *C. E. Shipley,* for appellee.

ZOLLARS, J.—The court below quashed the indictment, in which appellee is charged with having committed perjury in swearing to a tax list, in which he stated the amount of his moneys on deposit, and the amount loaned. That ruling is· assigned here as error.

Had the assessor authority to administer the oath? That is the question upon which counsel lay the most stress in their arguments.

Counsel for appellee contend that he had not, because it is . not expressly given by the statute, although such authority ' is recognized therein. · They cite us to former statutes where

it was expressly given, as supporting their contention that unless so given, it is not given at all.

The act of 1843, R. S. 1843, p. 190, was an act independent of the tax law, provided for the election of a county assessor, prescribed his duties, and expressly gave him and his deputies authority to administer all oaths, contemplated by law in the discharge of their duties as assessors.

The tax law of 1852 provided for the election of township assessors, thus dispensing with the county assessor provided by the act of 1843. 1 R. S. 1852, p. 122; 1 G. & H., p. 90.

Section 23 of that act required an oath by persons making tax lists of personal property, and provided as follows: " Which oath * * may be administered by the assessor or his deputy, who are hereby authorized to administer all oaths * * that may be required in the performance of any of the duties of their office." 1 R. S. 1852, p. 109; 1 G. & H., p. 72.

That section was amended in 1869, but not changed in the particulars above stated. Acts 1869, Spec. Sess., p. 122. The act of 1852, *supra*, clearly repealed the act of 1843, as it provided for township assessors, instead of one assessor for the county, and covered the whole ground of the duties and authority of such assessors.

The tax law of 1872 again provided for the election of a county assessor, and again definitely fixed his duties and authority, including the authority to administer oaths. Acts 1872, p. 87, section 107. That act again clearly repealed the act of 1852. Section 107, last above, was amended in 1875, so as to provide for the election of township assessors.

Section 50 of the act of 1872, defining the authority of assessors to administer oaths, etc., was left as originally adopted. It provided that the assessor should require persons making tax lists of personal property, to take and subscribe on such statements, an oath as to their correctness, etc., and in substantially the language of the act of 1852, provided: " Which

oath * * may be administered by the assessor, or his deputy, who are hereby authorized to administer all oaths * * that may be required in the performance of the duties of their office." 1 R. S. 1876, p. 85.

The tax law of 1881 again provides for the election of township assessors (R. S. 1881, sections 4735, 6374), and, with an exception, not material here, repeals all laws within the purview of the act. Acts 1881, p. 695, section 261.

We turn now to the act of 1881, to ascertain whether or not it requires an oath as to the correctness of tax lists of. personal property, and as to whether or not it authorizes the assessor to administer such an oath.

That tax lists must be sworn to by the persons making them, and that the oath covers everything required to be stated in the lists, including money on hand and on deposit, and money loaned, is made very clear by the various sections of the statute. R. S. 1881, sections 2150, 6312, 6313, 6314, 6316, 6328, 6330, 6331, 6334, 6336, 6337, 6345, 6357, 6361, 6369, 6389. For the proper construction of section 6332, cited by counsel, see Wasson v. First National Bank, 107 Ind. 206.

The various sections just as clearly require persons to make a full and complete list of all their personal property, including money on hand or on deposit, and money loaned, owned on the 1st day of April of the current year.

Has the assessor authority to administer the oath?

After providing that persons to be assessed shall make a list of their personal property, and affix a fair cash value to each item, section 6330 provides, that the assessor may determine the value by an examination of the statement, " and, also, an examination, under oath, of the party, if he deem it necessary."

Section 6331 provides, that persons required by the assessor to list property, shall answer certain interrogatories under oath, upon the tax list to be furnished by the assessor, " who shall also administer the oath."

Section 6334 provides, that when deductions of debts from credits are claimed, the assessor shall require that such deductions be verified by the oath of the person claiming the same.

By section 6340, the assessor is authorized, in case any person shall refuse to furnish a list, to "examine on oath" any person whom he may suppose to have knowledge, etc.

Section 6341 provides, that if any person shall refuse to swear, as in the prior section provided, or, having been sworn, shall refuse to answer the interrogatories, etc., he shall, upon conviction, be fined.

By section 6378, the assessor is authorized to examine, under oath, persons whom he may suppose to have knowledge of real estate, when the owner neglects to furnish a list.

Various other sections of the statute provide that the assessor may require persons to make oath, etc. Indeed, in almost, if not in every instance, where there is mention of an oath to the schedule, it is provided that it shall be required by the assessor. In one instance, as we have seen, it is provided in so many words that he shall administer the oath. It is not so provided, and clearly was not intended, that any person should accompany the assessor to administer the oaths required in verification of the tax lists, and in the examination of persons in relation to property. And just as clearly, it was not intended that farmers should be required to leave their farms and go to a distant justice of the peace, notary public, or other officer, to swear to their tax lists. All the way through, the statute proceeds upon the theory that the assessor and his deputies shall administer all necessary oaths in verification of the tax lists. And finally, section 6396 provides that, "If any assessor or deputy assessor shall fail or neglect to administer to any person, by him assessed, any oath required by this act to be administered, he shall forfeit and pay to the State of Indiana, for the use of the school fund, the sum of twenty dollars for each case of such omission and neglect, which may be recovered by an action in the name of the State of Indiana, on the relation of the prose-

cuting attorney, before any justice of the peace of the county, together with the costs of such action."

Considering the statute as a whole, we think the intention of the Legislature clearly was, that the assessor and his deputies should have authority to administer all necessary oaths in connection with tax lists, and that such authority is given by the statute.

If it were necessary, it might reasonably be held that so much of the act of 1872 as provides that the assessor and his deputies "are hereby authorized to administer all oaths * * that may be required in the performance of the duties of their office," was not repealed by the act of 1881. That act repealed, as we have seen, all laws within the purview of the act.

In the case of *Payne* v. *Conner*, 3 Bibb (Ky.) 180, it was said: "The meaning usually attached to this term (purview) by writers on law, seems to be the enacting part of a statute, in contradistinction to the preamble; and we think the provision of the act repealing all acts or parts of acts coming within its purview, should be understood as repealing all acts in relation to all cases which are provided for by the repealing act; and that the provisions of no act are thereby repealed in relation to cases not provided for by it."

The act of 1881, like the act of 1872, as amended, provides for the election of township assessors. If it be said that the act of 1881 does not confer authority upon the assessor to administer oaths, necessary in the discharge of his duties, yet no one would contend that it does not recognize the existence of such authority. And if it should be conceded that the act of 1881 does not confer authority upon the assessor to administer such oaths, we should have, in the language of the Kentucky court, a case not provided for by the act, and hence not within the purview of that act.

Upon the question of repeal see *Zonker* v. *Cowan*, 84 Ind. 395; *City of Evansville* v. *Summers*, ante, p. 189.

In any view that may be taken of the question, we think

that it should be held, and without hesitation we do hold, that the township assessor has authority to administer oaths to persons in verification of their tax lists.

Following in the order of importance; rather than in the order of discussion by counsel, we pass to the contention of appellee's counsel, that it is not shown, by any charge in the indictment, that he was a resident of the township, in which the list was made, on the 1st day of April.

So much of the indictment as relates to this contention is as follows: "The grand jurors of Delaware county, in the State of Indiana, present, that Breckenridge Reynolds, late of said county, on the 17th day of April, 1884, at said county * * * and State, * * * was then and there a resident of Monroe township, in said county, * * * and was then and there the owner of certain taxable personal property, and was then and there required by law to list the same for taxation, ·and then and there to make to the then assessor of said Monroe township, upon an assessment blank which was furnished to him * * * by the assessor for that purpose, a full and correct description of all the personal property of which he * * was the owner on the 1st day of April, 1884, and to affix, upon and in said assessment blank, what he * * * then and there deemed the fair cash value thereof to each item of his said personal property, * * * and he * * * was then and there required by law to list in said Monroe township, amongst other things, all his moneys, * * * * moneys loaned or invested; * * * and, also, moneys deposited subject to his order, check, draft, and credits due from, or owing by any person * * * to him, * * * without regard to the place where the same existed or was situated; and the said * * * Reynolds, on said 17th day of April, 1884, at said county, * * * was then and there requested by * * * the then assessor within and for Monroe township, in Delaware county, * * Indiana, to list for taxation, and to make to said assessor a full and correct description of all his said personal property of which he * * * was the owner on the 1st day

of April, 1884, and for compliance with the said request,, * * * the said * * * Reynolds, on the 17th day of April, 1884, * * * in said Monroe township, * * * did then and there, before * * . * the assessor of said * * * township,, take his corporal oath, and make affidavit in writing," etc.

The substance of the charge is, as will be seen from the above statement of the indictment, that appellee was a resident of Monroe township, Delaware county, on the 17th day of April, 1884; that he then and there owned certain taxable personal property,, including moneys, moneys loaned, and also moneys deposited, and credits due, etc., and was then and there requested by the assessor of the township, and required by law, to make and deliver to the assessor, upon a blank furnished by him, a full and correct description of all his said personal property owned on the 1st day of April, 1884,, and as to the moneys deposited and loaned, and the credits due, "without regard to the place where the same existed or was situated."

The request by the assessor, of course, amounts to nothing unless he had a right to make such a request, and the averment, that the law required appellee to make to the particular assessor a list of his personal property, owned on the 1st day of April, is but a conclusion, and not the statement of a. fact, and hence adds nothing to the indictment. The facts,. and not conclusions, must be stated. *State* v. *Thrift*, 30 Ind. 211; *State* v. *McDonald*, 106 Ind. 233.

The only averment in the indictment as to appellee's residence is, that he was a resident of Monroe township, Delaware county, in this State, on the 17th day of April, 1884. If, in order that he might be assessed for his moneys, credits,. etc., in that township for the year 1884, it was necessary that he should have been a resident of the township on the 1st day of April of that year, the indictment is insufficient for the want of an averment of that fact. Upon that theory, he might have been a resident of the township on the 17th day of April, 1884, as charged, and yet not be liable to be there

taxed for that year.   *Stribbling* v. *State*, 56 Ind. 79.   Courts can not assume or presume anything in support of an indictment.

This prosecution rests upon section 2006, R. S. 1881.   The alleged oath was taken in a matter, in which by law an oath is required, as we have already determined, and hence it must appear from the averments in the indictment, that the oath was touching a matter material to the point in question.

If, to tax appellee in Monroe township for his moneys, credits, etc., it was necessary that he should have been a resident of that township on the 1st day of April, and he was not such a resident, it was not material, so far as concerned an assessment in that township, what moneys, credits, etc., he may have owned on the 1st day of April, when a resident of some other. township, county or State.   And such ownership not being material, perjury could not be predicated upon an oath in relation thereto.   *Burgh* v. *State, ex rel., ante,* p. 132, and cases there cited; *Lose* v. *State*, 72 Ind. 285; *State* v. *Anderson*, 103 Ind. 170; *State* v. *Welch*, 88 Ind. 308.

The general rule, as prescribed by our statute, is, that persons shall be taxed in the township in which they reside on the 1st day of April, for the amount of personal property they own on that day.   R. S. 1881, sections 6280, 6283, 6290, 6330, 6336.

Section 6285 makes an exception to the general rule, but that exception does not affect the case in hearing.

Section 6286 requires the owner to list in the township where he resides, all his moneys, bonds, etc., moneys loaned, or invested; and also all moneys deposited subject to his order, check, or draft, and credits due from or owing by any person, etc., to him, without regard to the place where the said taxables may exist or be situated.

If there were nothing further, doubtless, the general rule would apply to the owners of moneys and credits, and require them, in all cases, to be taxed in the township where they may reside, on the 1st day of April.

Section 6298 makes another exception to the general rule, and provides that the owner of personal property, removing from one county, township, city or town to another, between the 1st day of April and the 1st day of June, shall be listed and assessed in either of which he is first called upon by the assessor. And, further, that the owner of personal property moving into the State from another State, between the 1st day of April and the 1st day of June, shall be listed for the property owned by him on the 1st day of April of such year, in the county, township, city or town into which he has so moved : "*Provided*, If such person has been assessed (and can make it appear to the assessor, by official certificate or by affidavit, that he is held for tax of the current year) on his property in another State, county, township, city, or town, he shall not be again assessed for said year."

Considering this section in connection with the other sections of the statute, can it be properly said, that the facts alleged in the indictment may be true, and appellee innocent of the offence intended to be charged?

As we have seen, the allegation that he was a resident of Monroe township on the 17th day of April, does not show that he was a resident of the township on the 1st day of that month. The sufficiency of the indictment, therefore, must be determined upon the theory that he was not a resident of that township on the 1st day of April. Was it, then, necessary to the sufficiency of the indictment to go further, and by proper averments show, that he did not come within the proviso, or exception, in the above section of the statute,—in other words, that, having become a resident of the township subsequent to the 1st day of April, he had not been assessed, and was not held for tax upon his moneys and credits, in the municipality from which he moved?

As alleged in the indictment, he was a resident of Monroe township on the 17th day of April, 1884. That being so, under the last above section of the statute, his moneys and credits, owned on the 1st day of April, were taxable in that

township for that year, no matter how nor when, prior to the 17th day of April, he became a resident of the township, unless he had been assessed, and was held for tax on such moneys and credits in another taxing district from which he had moved subsequent to the 1st day of April.

In other words, under the last above section of the statute, a resident of a township at any time between the 1st day of April and the 1st day of June, or the time when the assessor is required to complete his assessment, is taxable in that township for his moneys and credits owned on the 1st day of April, unless, having become a resident of the township subsequent to that day, he has been assessed, and is held for tax on such moneys and credits in the township, etc., from which he moved.

To state the proposition in a different form : All residents of a township, on the 1st day of April, or at any time between that day and the 1st day of June, or the time when the assessor is required to complete his assessment, are taxable in that township for their moneys and credits owned on the 1st day of April, except such as have become residents subsequent to the 1st day of April, and have been assessed, and are held for tax upon such moneys and credits in the township, etc., from which they have moved.

To abridge the statement : All residents of a township on the 1st day of April, or at any time between that day and the 1st day of June, or the time when the assessor is required to complete his assessment, with the exception stated, are taxable in that township for their moneys and credits, owned on the 1st day of April.

We thus have a statute for the taxation of all residents of the township, between the dates stated, with a proviso, or exception, excepting from its operation a certain class of residents.

As we have said, to show that the alleged oath was touching a matter material to the point in question, it must be

The State v. Reynolds.

shown that appellee was taxable for his moneys and credits. in Monroe township for the year 1884.

That can be shown in but two ways: *First.* By an allegation that he was a resident of the township on the 1st day of April of that year; and, *Second.* By negativing the exception in the above section of the statute, and thus showing, that although he became a resident of the township after the 1st day of April, he had not been assessed, and was not held for tax upon his moneys and credits in the taxing district from which he had moved.

As we have seen, the charge that he was a resident of Monroe township on the 17th day of April, 1884, does not show that he was a resident of that township on the 1st day of that month; nor does it, of itself, show that he was taxable in that township for that year, because it falls short of averring the facts necessary to make him thus taxable.

This is a case, we think, in which the charge in the indictment should negative the exception in the statute. See *Montgomery* v. *State, ex rel.*, 53 Ind. 108; *Dillon* v. *State*, 9 Ind. 408 (412); *Peterson* v. *State*, 7 Ind. 560; *Brutton* v. *State*, 4 Ind. 601; *Kinser* v. *State*, 9 Ind. 543; *Weaver* v. *State, ex rel.*, 8 Blackf. 563; *Ezra* v. *Manlove*, 7 Blackf. 389; *Struble* v. *Nodwift*, 11 Ind. 64; 1 Bishop Crim. Proc., section 636, *et seq.*

It results from the above conclusions, that the indictment is insufficient, and that the court below did not err in sustaining the motion to quash.

A number of other points are ably discussed by counsel, but as we have extended this opinion, in the decision of the more important questions presented, we do not think it advisable to further extend it in the decision of the other questions discussed.

Judgment affirmed.

Filed Dec. 7, 1886.