THE CHICAGO AND SOUTHEASTERN RAILWAY COMPANY
*v.* VERT.

[No. 3,051.    Filed February 2, 1900.]

RAILROADS.—*Fences.—Construction of Fence by Abutting Landowner.
—Recovery.—Complaint.—Notice.*—An allegation in a complaint by a landowner against a railroad company to recover for the erection of a fence along the railroad right of way, under §§5323, 5324 Burns 1894, that the part of the road extending through said county had been completed and in operation for more than twenty years, that plaintiff's real estate abuts upon the right of way in said county, and "that said land abutting said right of way, at and for more than one year prior to the building of the fence and the giving of the notices, as herein averred, has been, and is improved and inclosed land," is sufficient to show that the road abutting plaintiff's land had been completed twelve months before the notice to fence was served.  *pp. 79, 80.*

SAME.—*Fences.—Construction of Fence by Abutting Landowner.—
Recovery.—Complaint.*—A complaint by an abutting landowner to recover the cost of erecting a fence along the railroad right of way under §§5323, 5324 Burns 1894, requiring railroad companies to fence their rights of way "except at the crossings of public roads and highways, and within such portions of cities and incorporated towns and villages as are or may hereafter be laid out and platted into lots and blocks," etc., must negative such exception.  *pp. 80, 81*

SAME.—*Fences.—Construction of Fence by Abutting Landowner.—
Recovery.—Complaint.*—A complaint to recover the cost of erecting a fence along a railroad right of way by an abutting landowner, under §§5323, 5324 Burns 1894, must allege that plaintiff gave defendant a written notice, as required by the statute, to erect the fence.  *p. 81.*

From the Tipton Circuit Court.  *Reversed.*

*W. R. Crawford, U. C. Stover* and *W. R. Oglebay,* for appellant.

*J. A. Roberts* and *M. Vestal,* for appellee.

COMSTOCK, J.—This action was brought under §§5323, 5324 Burns 1894, 4098a, 4098b Horner 1897, requiring railway companies to erect fences along their right of way.  The cause was put at issue, submitted to the court

for trial, and a judgment rendered in favor of appellee for $120, principal and interest, and the further sum of $35 attorney's fees.

The errors assigned are: (1) That the court erred in overruling the demurrer to the amended complaint; (2) in overruling appellant's motion for a new trial.

The objections urged to the complaint are: (1) That it does not aver that that part of appellant's road in Hamilton county abutting the land of appellee was completed and in operation for twelve months before the giving of notice; (2) it fails to show that the right of way abutting appellee's land is not "within such portions of cities and incorporated towns and villages as are or may be hereafter laid out and platted into lots and blocks"; (3) it does not show that the notice required by the statute to be given was served upon this appellant.

The portion of the complaint to be considered in passing upon the first objection is as follows: "That said defendant is a railway corporation, engaged in the business of owning, controlling, and operating a line of railroad into, through, and across the said county of Hamilton; that said railway was completed many years ago, and the part thereof extending through said county of Hamilton has been completed and in operation for more than twenty years, and the same has been so operated by defendant company for more than two years; that the plaintiff is the owner in fee simple of the north half of the northwest quarter of section five, in township eighteen north, of range four east, situate in said county of Hamilton, in the State of Indiana; that said real estate abuts upon the right of way of said railway in said county; that said land abutting said right of way, at and for more than one year prior to the building of the fence, and the giving of the notices as herein averred, has been, and is, improved and inclosed land—that is to say, said land has been inclosed on all sides, except next to said right of way, during all of said time, the same having

been so inclosed and so in a state of cultivation for more than one year prior to said first notice, as herein averred; that said defendant neglected and refused to inclose its right of way abutting said lands, or to build a fence, as required by law, for more than six months after the completion and the beginning of the operation of said railway, and for more than six months after said land had been inclosed on three sides, as aforesaid; that said railway right of way through and along plaintiff's said lands was not fenced on the 13th day of April, 1885, when the act of the General Assembly of said State requiring such fencing went into force, and the same was not fenced for more than twelve months after such act went into effect, and the same has not been fenced since said time until fenced as hereinbefore alleged." It contains unnecessary averments; has not the conciseness desired in a pleading; but, fairly considered, we are of the opinion that it shows that the road where it abutted plaintiff's land had been completed twelve months before the notice to fence was served.

Is the second objection well taken? Section 5323 (4098a), *supra*, imposes upon railroads the duty to fence their rights of way. If there is a failure to perform this duty, §5324 (4098b), *supra*, gives to the owner of abutting lands the right to build the fence, and recover from the delinquent corporation the cost. To entitle the landowner to recover the cost incurred for labor and material in the construction of the fence, the duty of the railroad must be made to appear. The statute does not make it the duty of the railroad to fence its entire right of way. It provides that fences shall be built, "except at the crossings of public roads and highways, and within such portions of cities and incorporated towns and villages as are or may hereafter be laid out and platted into lots and blocks," etc. The exceptions above set out are in the clause and sentence of the section prescribing the duty of the railroad company. The exceptions should

have been negatived. *Cleveland, etc., R. Co.* v. *Gray*, 148 Ind. 266; *Colson* v. *State*, 7 Blackf. 590; *Russell* v. *State*, 50 Ind. 174; *Montgomery* v. *State*, 53 Ind. 108.

The complaint avers that "the plaintiff gave to said defendant a thirty days' notice of plaintiff's intention on and after thirty days from the date of said notice to build, erect, and construct a fence inclosing said right of way." Section 5324 (4098b), *supra*, provides for a written notice, and the complaint should show such notice to have been served. Under the above allegation, the notice will be presumed to be by parol. The notice not being the foundation of the action, it is not necessary to file a copy with the complaint, but it is necessary to aver that the notice was the one required by the statute. The authorities cited by counsel for appellee, in support of his claim that the complaint need not aver the serving of a written notice, are not in point. In the cases cited the questions arose upon questions of the admissibility of evidence. The duty of appellant and the rights of appellee in the premises were purely statutory. Rights under them can not be enforced, unless the requirements of the statute are complied with. We need only refer, without citing authorities in support thereof, to the rule that pleadings are construed most strongly against the pleader, and that, applying this rule, it must be held that the complaint is defective for the third reason urged. Remedial statutes do not relax the rules of pleading. The judgment is reversed, with instruction to the trial court to sustain the demurrer to the amended complaint.