## EVANSVILLE AND INDIANAPOLIS RAILROAD COMPANY *v.* BUTTS.

[No. 3,406.    Filed March 26, 1901.]

RAILROADS.—*Fences.—Action by Landowner to Recover Costs of Construction.—Complaint.*—A complaint by a landowner against a railroad company under §§5323, 5324 Burns 1894 to recover the costs of building a fence along his lands where the same abuts the railroad right of way must negative the provision of the statute that fences shall be built " except at the crossings of public roads and highways, and within such portions of cities and incorporated towns

and villages as are or may hereafter be laid out and platted into lots and blocks," etc.  A mere description of the line of the fence from which it might be inferred that the fence was constructed upon farm land is insufficient.

From the Clay Circuit Court.  *Reversed.*

*J. G. Williams, D. P. Williams* and *G. A. Knight,* for appellant.

*J. A. McNutt,* for appellee.

Comstock, J.—Appellee brought this action under §§5323, 5324 Burns 1894, §§4098a, 4098b Horner 1897, to recover the cost of building a fence along his land where the same abuts appellant's railway.  The cause was put at issue, submitted to the court for trial, and a judgment rendered in favor of appellee for $107.50 against the appellant.

The only specification of the assignment of errors discussed is the action of the court in overruling appellant's demurrer to the complaint.

Section 5323 (4098a), *supra,* imposes upon railroads the duty to fence their rights of way.  If there is a failure to perform this duty, §4098b (5324), *supra,* gives to the owner of abutting lands the right to build the fence and recover the cost.  To entitle the landowner to recover the costs incurred for labor and material in the construction of the fence, the duty of the railroad must be made to appear. The statute does not make it the duty of the railroad to fence its entire right of way.  It provides that fences shall be built "except at the crossings of public roads and highways, and within such portions of cities and incorporated towns and villages as are or may hereafter be laid out and platted into lots and blocks," etc.  The exceptions above set out are in the clause and sentence of the section prescribing the duty of the railroad company.

The objection made to the complaint is that it does not negative the foregoing exceptions.  It is a well settled rule of pleading in this State that where there is an exception or

condition in a law imposing a duty or giving a right of action, the exception or condition must be negatived in order to make a pleading good on such law. *Chicago, etc., R. Co.* v. *Vert*, 24 Ind. App. 78; *Cleveland, etc., R. Co.* v. *Gray*, 148 Ind. 266; *Colson* v. *State,* 7 Blackf. 590; *Russell* v. *State*, 50 Ind. 174; *Montgomery* v. *State,* 53 Ind. 108; *Weaver* v. *State, ex rel.,* 8 Blackf. 563; *Struble* v. *Nodwift*, 11 Ind. 64; *State, ex rel.* v. *Shackleford,* 15 Ind. 376; *Ezra* v. *Manlove,* 7 Blackf. 389.

The learned counsel for appellee admit the rule of pleading as stated, but insist that while the complaint does not in express terms negative the exceptions, that it is plainly apparent from the facts pleaded that the place at which the fence was erected by appellee was not and could not fall within the exceptions of the statute, and that it is therefore sufficient. In support of this position *Byard* v. *Harkrider,* 108 Ind. 376; *Cincinnati, etc., R. Co.* v. *Case,* 122 Ind. 310, are cited. Actions were brought in these cases to enforce common law independent of statute rights and are not controlling in the question before us.

The complaint was filed December 16, 1899. The part to which reference is made contains the averments that on the 4th day of March, 1899, the land of plaintiff (appellee) abutted on the land and right of way of said railroad company operated by said defendant corporation and the following part thereof, to wit: Commencing at the south line of section number five, township eleven, range six west, and running north along the right of way of said railroad one mile to the north line of said section, township, and range aforesaid. Said land so abutting being on said 4th day of March, 1899, and continuously ever since, inclosed on three sides thereof, but on said date was uninclosed by any fence at and along where the same abuts on the right of way of said railroad on the lands of the aforesaid plaintiff. It does not follow that such land is not within a city, an incorporated town, or village.

Observing the rule that pleadings are to be construed most strongly against the pleader, we must hold that the objection is well taken. Judgment reversed, with instruction to the trial court to sustain the demurrer to the complaint.