## COUCHMAN, ADMINISTRATOR, v. PRATHER ET AL.

[No. 20,279. Filed February 26, 1904.]

INTOXICATING LIQUORS.—*Death by Wrongful Act.*—*Action Cannot be Maintained by Administrator.*—A cause of action for damages for the death of plaintiff's decedent by the wrongful sale to him of intoxicating liquors by defendant, existing by virtue of §7288 Burns 1901, cannot be maintained by the administrator of such decedent's estate under §285 Burns 1901.

From Clinton Circuit Court; *J. V. Kent,* Judge.

Action by Harry S. Couchman, administrator of the estate of John S. Couchman, deceased, against Cyrus A. Prather and others. From a judgment in favor of defendants, plaintiff appeals. Appealed from Appellate Court, under subdivision three, §1337j Burns 1901. *Affirmed.*

*S. R. Artman* and *J. C. Farber,* for appellant.

*S. M. Ralston, A. C. Ayres, A. Q. Jones, J. E. Hollett, W. E. Deupree, L. E. Slack* and *Morrison & Morrison,* for appellees.

GILLETT, C. J.—This action was brought by appellant, under §285 Burns 1901. A demurrer was sustained to the amended complaint, and, from the final judgment which followed, this appeal is prosecuted.

It is charged in said amended complaint that from November 19, 1900, until June —, 1901, appellees were engaged in the business of selling intoxicating liquors at retail in the town of Thorntown, Boone county, Indiana, without a license authorizing them so to do; that on May 23, 1901, and for a long time immediately prior thereto, said John S. Couchman possessed an uncontrollable appetite for intoxicating liquors, as appellees then well knew; that on said day they sold him intoxicating liquors in their said place of business, in quantities of less than a quart at a time, until he became drunk; that, while he was in a semiconscious condition as a result thereof, they then and there continued to sell and deliver to him additional intoxicating liquors, in quantities of less than a quart at a time, well knowing his condition, to be drunk by him as a beverage in said place, which liquor he then and there drank, and as a result he became so extremely intoxicated as to be unconscious of his condition and surroundings; that while intoxicated as aforesaid he attempted to drive in a buggy to his home; that while so doing he fell out of said buggy, breaking his neck and causing his death, as a result of appellees' wrongful acts as aforesaid, to the damage of certain persons, his next of kin, etc.

The threshold question in this case is as to the right of appellant to maintain this action under §285, *supra*. That section is as follows: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. The action shall be commenced within two years. The damages can not exceed $10,000; and must inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin, to be dis-

tributed in the same manner as personal property of the deceased."

The pleading falls short of charging an assault and battery, as appellant's counsel admit, since it is not shown by averment that said Couchman did not voluntarily drink such liquors. It is therefore plain that at common law no cause of action would have existed in said Couchman for his injury, had he lived. This essential element in an action surviving to the personal representatives under the above statute it is claimed exists by virtue of §7288 Burns 1901. That section is in the words following: "Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond filed in the auditor's office, as required by section four of this act [§5315 R. S. 1881], to any person who shall sustain any injury or damage to his person or, property or means of support on account of the use of such intoxicating liquors, so sold as aforesaid, to be enforced by appropriate action in any court of competent jurisdiction."

Counsel for appellees contend that said section is to be construed in the light of the settled principles of the common law, and that, when so construed, the words "any person" are to be restrained so as not to give a person an action for his own participating wrong. This proposition need not be decided if the administrator can not sue, since the voluntary acts of Couchman in drinking such liquors would not be a defense in the suit of a third person.

Under the provisions of §7288, *supra*, any person who has sustained "any injury or damage to his * * * means of support" on account of the use of intoxicating liquors sold in violation of the act of which the section is a part is given a complete cause of action. If an element of the right must be borrowed from said §7288, *supra*, we are at a loss to understand why the remedy should not be sought thereunder. A statute giving a rem-

edy which did not exist at common law not only speaks affirmatively, but it also speaks negatively. In such circumstances the maxim *expressio unius est exclusio alterius* has a particular application. Sutherland, Stat. Constr., §325. So far as a remedy by way of damages is concerned, the rule is that when a new right is conferred by statute, and an adequate provision for its enforcement is therein made, the statutory remedy is exclusive. *Storms* v. *Stevens,* 104 Ind. 46; Sedgwick, Stat. and Const. Law, 94; Endlich, Interp. of Stat., §465; Sutherland, Stat. Constr., §399. In another section (327) of the last named work its author says: "Where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others; there is then a natural inference that its application is not intended to be general." "The rule is certain," said Lord Mansfield, in *Rex* v. *Robinson,* 2 Burr. 799, 803, " 'that where a statute creates a new offense, by prohibiting and making unlawful anything which was lawful before; and appoints a specific remedy against such new offense (not antecedently unlawful), by a particular sanction and particular method of proceeding, that particular method of proceeding must be pursued, and no other.' " In *Storms* v. *Stevens, supra,* it was said by Zollars, J., speaking for the court: "Where a statute creates a new right and prescribes a mode of enforcing it, that mode must be pursued to the exclusion of all other remedies. Such has been the settled law in this State for more than sixty years, and such is the law elsewhere. *Lang* v. *Scott,* 1 Blackf. 405; *Butler* v. *State,* 6 Ind. 165; *Martin* v. *West,* 7 Ind. 657; *McCormack* v. *Terre Haute, etc., R. Co.,* 9 Ind. 283; *Toney* v. *Johnson,* 26 Ind. 382; 1 Wait, Actions and Defenses, 42." It has often been asserted by this court that a person seeking a statutory remedy must show himself within the statute he invokes. *Ezra* v. *Manlove,* 7 Blackf. 389; *Montgomery* v. *State, ex rel.,* 53 Ind. 108; *Weir* v. *State, ex rel.,* 161

Ind. 435; *American Rolling Mill Co.* v. *Hullinger,* 161 Ind. 673; *Indianapolis, etc., Transit Co.* v. *Foreman, ante,* 85; *Bartlett* v. *Crozier,* 17 Johns. 439, 8 Am. Dec. 428, and cases there cited; *Austin* v. *Goodrich,* 49 N. Y. 266; *Spieres* v. *Parker,* 1 Durn. & East 141.

It is our opinion, if the interpretation of appellant's counsel that Couchman would have had a cause of action for the wrong done him, had he lived, be correct, that nevertheless such special statutory cause of action died with his person.

Complications would arise from a holding that, in the circumstances of a case like this, suit could be maintained under §285, *supra.* It would result in the action being instituted and controlled by a statutory trustee, instead of by the person injured in his means of support, in his individual capacity, as contemplated by said §7288, *supra;* and it is further to be observed that the basis of distribution is not the same under the two statutes.

An examination of the authorities relative to the construction of statutes giving special rights of action for death shows that this court has always endeavored to construe such statutes in such a way as to prevent their overlapping. *Ohio, etc., R. Co.* v. *Tindall,* 13 Ind. 366, 74 Am. Dec. 259; *Berry* v. *Louisville, etc., R. Co.,* 128 Ind. 484; *Thornburg* v. *American Strawboard Co.,* 141 Ind. 443, 50 Am. St. 334; *Maule Coal Co.* v. *Partenheimer,* 155 Ind. 100. We deem it clear that appellant had no standing to maintain this action.

The judgments of the Clinton Circuit Court and of the Appellate Court are affirmed.