RUCKER, Justice,
dissenting.
Because I believe the State did not prove the elements of Class D felony operating a vehicle while suspended, I would reverse the trial court and not reach the constitutional issue.
Indiana Code section 9-30-10-16 provides in relevant part, “A person who operates a motor vehicle ... while the person’s driving privileges are validly suspended ... commits a Class D felony.” In turn a “motor vehicle” is defined as a “vehicle that is self-propelled,” Ind.Code § 9-13-2-105(a); but, for purposes of Indiana Code section 9-30-10-16, a motor vehicle “does not include a motorized bicycle.” I.C. § 9—13—2—105(d)-Among other things a “motorized bicycle” is a vehicle with “[a] maximum design speed of not more than twenty-five (25) miles per hour on a flat surface.” I.C. § 9-13-2-109(3).
If the vehicle Lock was operating qualifies as a “motorized bicycle” then he was not operating a “motor vehicle” for pur *79 poses of the driving while suspended statute. We are thus required to determine what is meant by “maximum design speed.” The phrase is not defined by statute and can fairly be interpreted as ambiguous. For example does it mean as the majority suggests, “the original manufacturer’s maximum design speed, but also encompasses any subsequent modifications or redesigns”? Op. at 76. Or does it mean as Lock suggests that the vehicle, “was created with a particular purpose or scheme to the effect that the Zuma would exceed 25 miles per hour on any given day”? Op. at 77 (quoting Appellant’s Br. at 12). Another possibility is the maximum speed at which a motor vehicle can be operated safely on a road in perfect condition. See McGraw Hill Dictionary of Scientific & Technical Terms 580 (6th ed. 2003).
“In construing statutes, words and phrases will be taken in their plain or ordinary and usual sense unless a different purpose is clearly manifest by the statute itself, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import.” George v. Nat’l Collegiate Athletic Ass’n, 945 N.E.2d 150, 156 n. 8 (Ind.2011) (quoting Ind. Dep’t of State Revenue v. Colpaert Realty Corp., 231 Ind. 463, 109 N.E.2d 415, 418-19 (1952)). In this case the majority appears to apply the “plain or ordinary” meaning component of the foregoing rule. See op. at 76 n. 3. But I am not sure this is adequate to the task. First, it appears to me that “maximum design speed” is a technical phrase. However neither party provides us with any guidance of the phrase’s technical import or how the phrase is used in the auto manufacturing industry. Second, as a matter of statutory interpretation it is obvious the Legislature decided that not all vehicles require an operator’s license for purposes of the driving while suspended statute. So, it carved out an exception for certain vehicles, namely motorized bicycles. Applying the maxim that “penal statutes must be construed strictly against the State,” State v. McGraw, 480 N.E.2d 552, 553 (Ind.1985), I would read Indiana Code section 9-13-2-109 evincing the Legislature’s intent to exclude those motorized bicycles which, among other things, a manufacturer has designed to travel safely at a maximum speed no greater than twenty-five miles an hour. That is not to say that the vehicle is incapable of traveling in excess of that speed. Indeed it may very well do so, even if it means damage to the engine or other component parts. The salient point however is the maximum speed at which the manufacturer designed the vehicle to travel.
The statute being thus construed, the actual speed Lock was traveling has no relevance to the question of “maximum design speed.” And having introduced no evidence indicating the speed at which Lock’s vehicle was designed to travel, the State failed to prove Lock was operating a motor vehicle within the meaning of Indiana Code section 9-30-10-16. Stated somewhat differently, the State had the burden proving the exception, namely: that the vehicle Lock was operating was not a motorized bicycle. The State failed to carry its burden.[1] I would therefore reverse Lock’s conviction.

. See, e.g., Lyles v. State, 970 N.E.2d 140, 142-43 n. 3 (Ind.2012) (citing Russell v. State, *80 50 Ind. 174, 174 (1875)). "[I]n determining whether a statutory exception is a material element or an affirmative defense, we assess the location of the exception relative to the location of the definition of the principal offense. If the exception is closely connected with the clause creating the offense, the exception is a material element of that offense and must be proven by the State.” Id. "If, however, the exception is contained in a subsequent clause or statute, the exception is an affirmative defense that must be raised by the defendant.” Id. Here the exception was closely connected with the clause creating the offense.